# Richardson *against* Cassily.

Judgment cannot be entered on an award made under a submission by parol, out of court, and not restricted to matters in variance in the cause. Such an award can only be enforced by action.

ERROR to the common pleas of *Alleghany* county.

Patrick Cassily was the plaintiff below.    On the 20th of May 1828 an award of 40 dollars in his favour was rendered by arbitrators, under the compulsory arbitration law, from which the defendant below appealed.    A submission by parol then took place, under which the following award was made.

"We, the undersigned, being chosen to settle all disputes between William Richardson and Patrick Cassily, do report, that in our opinion William Richardson ought to pay said Cassily the sum of 25 dollars, and pay all costs that may have accrued on the suit in court.

" WILLIAM LECKY,
" THOMAS CASSILY.

" April 27, 1829.
" We agree to the above award.

" WILLIAM RICHARDSON,
" P. CASSILY."

On the 17th of May 1834, on motion of Cassily's counsel, this award and agreement were ordered to be filed and judgment thereon entered, as follows :

"April 27th 1829, William Lecky and Thomas Cassily, to whom were referred all matters in variance between the parties, find for the plaintiff 25 dollars, and that the defendant pay the costs of this suit. To this award the parties agree as per writing annexed to the award."

A *fieri facias* issued to June term 1834 for debt and all costs.

The following errors were assigned.

1. The court erred in entering judgment on the award or report of William Lecky and Thomas Cassily, the remedy, if any, being by action.

2. The court erred in ordering judgment for costs, and there was error in issuing the execution for costs.

[Richardson v. Cassily.]

*Fetterman,* for the plaintiff in error, cited, *Add.* 224; Pollard *v.* Shaffer, 1 *Dall.* 212; Lewis *v.* England, 4 *Binn.* 5; Holdship *v.* Alexander, 13 *Serg. & Rawle* 230.

*Burke,* for the defendant in error.

The objection to the award was, that it was made under a submission by parol. But that does not vitiate the award, which was agreed to by the parties after it was rendered. It will be treated as an award made under the act of 1705. Large *v.* Passmore, 5 *Serg. & Rawle* 51. There were no exceptions filed in the court below, where the judgment was not entered in a summary way. Whether it be an award at common law, or under the act of 1705, is immaterial. Shippen's Lessee *v.* Bush, 1 *Dall.* 251; Williams *v.* Craig, *Ibid.* 314; Harris *v.* Harris's Administrator, 6 *Binn.* 422.

PER CURIAM.—The submission was by parol made out of court, not made a rule of court, and not restricted by its terms to matters in variance in the cause; and from the terms of the award it might seem that matters out of court had actually been passed upon by the arbitrators, who have directed the defendant to pay the plaintiff money, "and all costs that may have accrued on the suit *in court.*" What authority does such a submission give to treat the award as if it were made in the action? It was not made in the action, but the action was included in the submission. Being by parol, it might, perhaps, be enforced by action; but it was clearly erroneous to render judgment on it in the action pending.

Judgment reversed.