DICKERSON v. TYNER, Administrator.

To an action on an award, the defendant pleaded that there was no such award as alleged. *Held*, that, by the statute, the plea should be sworn to.

If when a suit is pending, the parties, by their bond, submit the cause to arbitration, the successful party is not confined to the statutory remedy of having the award made the judgment of the Court; but he may sue on the award.

An award that one of the parties shall pay to the other a certain sum of money, cannot be objected to as not being final.

Arbitrators may, by virtue of the statute, award the costs of the reference, though the agreement to submit be silent on the subject.

An executor or administrator may maintain an action on an award, though the matters submitted arose out of tort.

ERROR to the *Hancock* Circuit Court.

<span style="float:right">*Monday,*
*March* 20.
1837.</span>

BLACKFORD, J.—This was an action of debt brought by *Tyner*, administrator of *Hays*, against *Dickerson*. The declaration contains four counts. The first count, which is on an award, states that *Hays* and *Dickerson*, in order to settle and determine two suits which were pending between them, referred the same to arbitration; that the arbitrators awarded, that *Dickerson* should pay *Hays* the sum of 434 dollars, together with the costs of arbitration, amounting to 12 dollars and 66 cents; and that for the non-payment of the money awarded the action is brought. The other counts are for money had and received, money paid, and on an account stated.

To the first count, the defendant pleaded four pleas. 1. That there was no such award as alleged. 2. That the intestate and the defendant had, by an arbitration-bond, submitted the matters in difference to arbitration; that the award, according to the condition of the bond, was to be made the judgment of the Court; that no judgment had been rendered on the award, &c. To the second, third, and fourth counts, *nil debet* was pleaded. There was also a plea of payment as to a part of the amount for which the suit was brought.

The first plea to the first count was set aside on the defendant's motion, because it was not sworn to. As the award is the foundation of the action, the statute requiring certain pleas to be sworn to, may be considered as embracing this case. Rev. Code, 1831, p. 403.—*Titus* v. *Scantling* and *Wife, May* Term, 1834.

The second, third, and fourth pleas to the first count were demurred to and the demurrer sustained. These three pleas are of the same character. The question raised by them is, whether when a suit is pending, and the parties by their bond submit the cause to arbitration, the successful party can sue on the award? It is contended, that the award in such case can only be enforced by having it made, in conformity with the statute, a judgment of the Court. Rev. Code, 1831, p. 72. This doctrine is not tenable. The legislature has not limited the party to this statutory proceeding. He has the same right now that he ever had, to maintain an action on the arbitration-bond or on the award. The statute of 9 and 10 Will. 3, authorised the parties in an arbitration-bond, to insert an agreement that their submission should be made a rule of Court; but it has never been considered that the statute, by that provision, prevented the parties to such an agreement from proceeding at common law, for the non-performance of an award, by an action on the bond or on the award. 2 Tidd's Prac. 745.—2 Chitt. Gen. Prac. 122. The same may be said with regard to our statute. If the arbitration-bond authorise it, the party may have the agreement to submit made a rule of Court, and may have the award made a judgment of the Court. But that is not his only remedy for a non-compliance with the award. If he prefer it, the successful party may still resort to the remedy at common law, and sue on the award or on the bond. For these reasons, we conceive that the matters set out in the second, third, and fourth pleas to the first count, are no defence to that count; and that the demurrer to those pleas was correctly sustained.

Upon the pleas of *nil debet* and payment filed in this cause, issues were joined by the plaintiff. The determination of these issues was submitted to the Court, and a judgment was rendered in favour of the plaintiff for the sum of 447 dollars and 66 cents in debt, with 13 dollars and 34 cents in damages, in all 461 dollars, together with the costs of suit. This judgment, the defendant contends, is not supported by the evidence, the whole of which is set out in the record.

The award upon which the first count in the declaration is founded, and which was introduced as evidence by the plaintiff, is objected to by the defendant because it does not require the plaintiff to dismiss the suit, nor to execute a release to the

defendant. The ground of this objection is, that the award does not put a final end to the matters submitted. The award, after reciting that the matters mentioned in the arbitration-bond thereto annexed, had been submitted to the arbitrators, states that *Dickerson* should pay *Hays* for his damages sustained, the sum of 434 dollars, &c. This award is certainly final. It may be pleaded in bar to any subsequent suit on the original causes of action. There are cases in point in support of the award against this objection. It is decided, that if an award on the subject of trespasses be, that the party shall pay 10 pounds for all trespasses done to the plaintiff by the defendant, it is good. *Ormelade* v. *Coke*, Cro. Jac. 354. There is another case where an action of trespass was referred, and the arbitrators awarded that the defendant should pay the plaintiff five shillings for his making the first breach in the law. It was objected that this award was not mutual and final, but the objection was overruled. *Hawkins* v. *Colclough*, 1 Burr. 274.

Another objection made to the award is, that the costs of the reference ought not to have been awarded, as the submission-bond gave the arbitrators no authority over those costs. It is true that, by the *English* law, arbitrators cannot award the *costs of the reference*, unless the instrument by which they are appointed expressly authorises them to do so. *Candler* v. *Fuller*, Willes, 62.—*Taylor* v. *Gordon*, 9 Bingh. 570. A contrary opinion is expressed in *Strang* v. *Ferguson*, 14 Johns. 161, but that opinion is believed to be incorrect. It appears to us, however, that our statute may be considered as authorising the costs of the reference to be awarded, though, as in the present case, the agreement to submit is silent on the subject. Rev. Code, 1831, p. 73.

We have examined the other evidence, as well as the award, and are satisfied that it is sufficient to sustain the judgment.

There is one other error assigned which remains to be noticed. It is, that as *Hays* died before judgment on the award, the money awarded to him could not be recovered. This objection is without foundation. The award was made in the life-time of *Hays*, and it became a new cause of action founded on contract. The law is stated, in general terms, that an executor or administrator may maintain an action on an award;

Nov. Term, 1836.

THE BOARD OF COMM'RS. &c. v. THE BOARD OF COMM'RS. &c.

Cald. on Arb. 153; and it must be the same thing, whether the matters submitted arise out of contract or tort. In the case before us, the original causes of action, one of which was trespass, were merged in the award. The money awarded was due to *Hays* in his life-time, and his administrator had a right to recover it by an action of debt.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*J. B. Ray,* for the plaintiff.

*C. Fletcher* and *O. Butler,* for the defendant.