By the Court,

Cowen, J.
This is an action upon an award. The plaintiffs having brought an action of trover against the *272 defendant, the attorneys for the respective parties entered into a stipulation that the cause should be referred, as involving the examination of a long account, and a rule was entered to that effect. It was accordingly heard before the referees, and treated in all respects as a reference. The referees reported in favor of the plaintiffs; but we refused to allow a judgment entered upon the report to stand. (19 Wend. 108, & C.) Therefore this action was brought, on the principle that the report enured as an award of arbitrators.
Some preliminary difficulties have been started. The first is, that the submission being since the 2 R. S. 446, 2d ed., - it should have been in writing; but we are of opinion that this is not necessary, except for the purpose of enforcing the award in the particular manner pointed out by the statute. (Vid. Browning v. Wheeler, 24 Wend. 258, 259, and the cases there cited.) (a)
The second is, that the submission was by attorneys having no authority to submit. This objection could be heard only on the side of the defendant; for the plaintiffs have acceltd to and insist on the report .as a valid award; and the defendant cannot be received to make the objection, after appearing and personally participating in the *273 proceedings upon the hearing before the arbitrators. (Wharton v. King, 1 Mood. Sf Rob. 96. Matson v. Trower, Ry. & Mood. N. P. Cas. 17. Hays v. Hays, 23 Wend. 366, 7.)
We entertain not the least doubt that the report enured as an award.(b) The motion for a new trial is denied.
New trial denied.

 Though in general, a submission by paroi is valid, (see Cowen & Hill’s Notes to Phil. Ev. 1026 and the cases there cited; also McManus v. McCulloch, 6 Watts’ Rep. 357 j) yet to this, certain exceptions have been recognized, even at common law. Thus, it has been said that “ where from the subject of arbitration a writing is necessary to pass the right to the thing in demand, or defeat or destroy the demand, the submission and award, to be availing as a bar to that demand, must be in writing.” (Per Owsley, J. in Logsdon v. Robert’s ex’rs, 3 Monroe, 255, 256, 257. And Evans v. McKinney, Litt. Sel. Cas. 262, 264.) There is considerable difficulty in determining how far this doctrine applies, at common law, to a paroi submission of matters connected with real estate, and when and in what form the award shall operate, if at all, in such eases. See on this subject, Oowen & Hill’s Notes to Phil. Ev. 1037 and the cases there cited ; also, Hopson v. Doolittle, (13 Conn. Rep. 236.) Mr. Kyd maintains, moreover! that in all cases where the demand arises on a deed, the submission must also be by deed; “ because a specialty cannot be answered but by a specialty." (Kyd on Aw. 54, 55; add see Logsdon v. Robert’s ex’rs..3 Monroe, 256, 257.)

 That the report in such cases enures as an award, see further, Miller v. Vaughan, (1 John. R. 315 ;) Stevenson v. Beaker, (id. 492 ;) Johnson v. Parmely, (id. 129 ;) Camp v. Root, (18 id. 22 ;) Green v. Patchen, (13 Wend. 293.)
Statutes like the one in this state, prescribing a certain form for submissions to arbitration, and for enforcing awards made thereon by special proceedings in court, have seldom been construed as excluding parties from the right of submitting in the common law mode. (See Logsdon v. Robert’s ex’rs, 3 Monroe, 356. Evans v. McKinney, Litt. Sel. Cas. 264. Wells v. Lain, 15 Wend. 99. Richardson v. Cassily, 3 Watts’ Rep. 320.) Indeed, even where the statute had been pursued in respect to the form of submission, it has been held that the party in whose favor it was made, might elect either to enforce it under the statute, or treat it as a common law award and enforce it by action. (Dickerson v. Tiner, 4 Blackf. Rep. 253. Titus v. Scantling, id. 89. See also Lamar et ux. v. Nicholson, 7 Porter’s Rep. 158.) In Massachusetts, however, where a submission to arbitration (corresponding in form with the provisions of the statute, and containing the usual stipulation that the award being reported to the common pleas the judgment thereon should be final,) was inoperative as a submission under the statute, by reason of its not having been acknowledged properly; held that the award could not enure as valid at common law. (Inhabitants of Deerfield v. Arms, 30 Pick. 480.) The ground of this decision is thus stated by the judge who delivered the opinion: “ To hold that the defendant is liable upon the submission as upon an agreement for arbitration at common law, and that he thereby stipulated to submit the matters in controversy between himself and the plaintiffs to the sole determination of Mr. Saxton, (the arbitrator,) without subjecting his proceedings to the supervision of the court of common pleas, would be "to substitute another and a very different contract from, that into which he entered. It would be inconsistent with the language of the submission, and would deprive the defendant of a right reserved to himself in the most explicit manner. No principle is better settled, than that the agreement of the parties to the submission is to be strictly observed respecting the persons authorized to decide.” (Id. 483, 484.)