### BURNSIDE *vs.* WHITNEY.

Where a submission to arbitration provided that a judgment *might* be rendered in the county court, upon the award made in pursuance of such submission; *Held*, that the party in whose favor the award was made might bring an action thereon, without entering any judgment in the county court, or waiting for a term of such court to be held.

THIS action was brought upon an award. The submission was by a writing under seal; and it was provided therein, that a judgment in the county court of Otsego county *might* be rendered upon the award made in pursuance of the submission. The award was that the defendant should pay to the plaintiff $56.50, within three days after the date thereof; and it was dated the 12th day of September, 1855.

The defense set up in the answer and insisted on upon the trial was, that no judgment had been rendered upon the award, and that no term of the Otsego county court had been held after the publication of the award, before the commencement of this action thereon. The issue in the action was tried at a special term held in Otsego county in July, 1856, by Mr. Justice SHANKLAND, without a jury. He gave judgment for the plaintiff on the award, with costs. The defendant appealed from the judgment to the general term.

*Benjamin Estes*, for the plaintiff.

*E. E. Ferry*, for the defendant.

*By the Court*, BALCOM, J. The submission to arbitration was made by the parties pursuant to the provisions of title 14 of chapter 8, part 3 of the revised statutes, entitled, "Of arbitrations." The first section of this title provides that the parties "may, in such submission, agree that a judgment of any court of law and of record, to be designated in such instrument, *shall* be rendered upon the award made pursuant to such submission." The agreement in this case was that a judgment *might* be rendered upon the award, in the Otsego county court; not that a

Burnside *v.* Whitney.

judgment *should* be rendered thereon, in that court. But no technical construction of the submission is necessary to sustain this action; for it is declared in the 22d section of the title before mentioned, that "nothing contained in this title shall be construed to impair, diminish, or in any way affect the power and authority of the court of chancery over arbitrators, awards, or the parties thereto; nor to impair or affect any *action* upon any award, or upon any bond or engagement to abide by an award."

It has been held in a sister state, where the statute had been pursued in respect to the form of the submission, that the party in whose favor the award was made might elect either to enforce it under the statute or treat it as a common law award, and enforce it by action. (*Dickerson* v. *Tiner*, 4 *Blackf.* 253. *Titus* v. *Scantling*, *Id.* 89. *See* 2 *Hill*, 271.) And I am of the opinion the plaintiff in this case had the right to elect to bring this action, instead of moving for a confirmation of the award and judgment thereon, in the Otsego county court; and he was not obliged to wait until a term of the county court had intervened, before commencing his action. If the defendant had made a motion in the county court to vacate or modify the award, he could have procured a stay of the plaintiff's proceedings in this action until the decision of his motion; but he made no motion in the county court for that purpose, and he has not been deprived of any right by this action. The judgment given at the special term should be affirmed, with costs.

Decision accordingly.

[OTSEGO GENERAL TERM, July 14, 1857. *Gray*, *Mason* and *Balcom*, Justices.]