## Brendlinger *versus* Yeagley.

1. A feigned issue having been directed to ascertain the amount due on a judgment, the parties entered into an agreement to "stop all further proceedings at law and leave it (to three referees), and whatever decision they make shall be binding and final of all former transactions between the said parties." *Held*, that judgment could not be entered on the award made under the agreement as upon a submission of a case pending.

2. The consent of parties to make the reference a rule of court is never implied, where the intent does not appear or a contrary intent is manifest.

ERROR to the Court of Common Pleas of *Cambria county*.

A judgment was entered by confession in favor of David Brendlinger against Henry Yeagley, on the 29th of April 1862, for $1110.

On the 10th of February 1864, upon an affidavit of the defendant, the court opened the judgment and let him into a defence ; and directed an issue " to determine what amount is due from defendant to the plaintiff upon the judgment in this case."

The parties afterwards entered into the following agreement of reference :—

" Article of agreement between David Brendlinger, of Richland township, Cambria county, Pennsylvania, of the first part, and Dr. Henry Yeagley, of Johnstown, of the second part, as follows : Whereas a lawsuit is now pending, and for trial at June Term 1864, between the said parties, wherein the said David Brendlinger is plaintiff, and the said Henry Yeagley defendant, we do hereby agree and covenant with each other, that they, the said David Brendlinger and the said Henry Yeagley will stop all further proceedings at law, and leave it to Lewis Fisher and J. R. Stull, who shall select a third man, and whatever decision they make shall be binding and final of all former transactions between the said parties. In witness whereof we have hereunto set hands and seals this third day of June, A. D. 1864.

" DAVID BRENDLINGER, [L. S.]<br>
" H. YEAGLEY.          . [L. S.]

" Signed, sealed and delivered
   in the presence of
      " LEWIS FISHER,
      " J. R. STULL.

The referees awarded: " In the case of Brendlinger *v.* Yeagley, we find for plaintiff three hundred and twenty-three dollars and six cents, and each party pay his own costs."

The award was signed by the two referees selected and a third person ; but there was nothing else showing the choice of the third person.

The award was filed.  The plaintiff afterwards filed exceptions

[Brendlinger *v.* Yeagley.]

to it, one of which was: The agreement purports to refer a cause pending in court to arbitrators, yet it is not provided in the submission that it shall be made a rule of court; and no rule of court having been issued, the proceedings are irregular, erroneous and void.

The exceptions were overruled, and judgment was entered on the award. The plaintiff took out a writ of error.

The error considered in the opinion of the Supreme Court was the overruling the above exception.

*G. M. Reade,* for plaintiff in error, cited Acts of June 16th 1836, §§ 1, 2, 3, 6, Pamph. L. 717; March 21st 1806, §§ 1, 2, 3, 4 Sm. L. 326; 1705, Id. 50; Purd. 50 *et seq.* pl. 1, 2, 3, 6, 9, 10, 11, 14; Williams *v.* Craig, 1 Dall. 314; Stokely *v.* Robinson, 10 Casey 316; Okison *v.* Flickinger, 1 W. & S. 257; Marshall *v.* Bozorth, 5 Harris 411; Wall *v.* Fife, 1 Wright 394; Stevens's Appeal, 2 Id. 13; Graham *v.* Hamilton, 1 Binn. 461; Brink *v.* Bell, 4 Yeates 491; White *v.* Shriver, 2 Watts 473; 1 Bac. Ab. *Arb. and Award;* 2 Saunders on Pl. & Ev. 1282, 1295; 2 Greenl. on Ev. § 71, note 2; Tidd's Pr. 826, 830–831; Bayne *v.* Gaylord, 3 Watts 305; Falconer *v.* Montgomery, 4 Dall. 232; Passmore *v.* Pettit, Id. 272; Richardson *v.* Cassily, 3 Watts 320; Gallup *v.* Reynolds, 8 Id. 424; Guier *v.* McFadden, 2 Binn. 587; Lewis *v.* England, 4 Id. 5; Clark *v.* McKisson, 6 S. & R. 87; Holdship *v.* Alexander, 13 Id. 230; Carson *v.* Coulter, 2 Grant 121; Buckley *v.* Durant, 1 Dall. 129; Russell *v.* Gray, 6 S. & R. 145.

*R. L. Johnson,* for defendant in error, cited Gallup *v.* Reynolds, 8 Watts 426; McAdams *v.* Stilwell, 1 Harris 96; Ford *v.* Keen, Id. 179; Buckman *v.* Davis, 4 Casey 214; White *v.* Shriver, 2 Watts 473; Chase *v.* Miller, 5 Wright 411.

The opinion of the court was delivered, January 7th 1867, by

AGNEW, J.—The effect of this award must be determined by the language and purpose of the submission. It is contended that the submission and award are good under the Act of 1836, on the ground that there was a pending action to which the submission was applicable, and that under the rulings of this court it is unnecessary it should be made a rule of court. The cases referred to are McAdams' Ex'rs. *v.* Stilwell, 1 Harris 90, Ford *v.* Keen, Id. 179, and Buckman *v.* Davis, 4 Casey 211. In the first and last not only are the pending actions expressly referred to in the submissions, but the actions themselves are specifically submitted to the decision of the arbitrators, and the awards agreed to be filed and judgment entered thereupon by the prothonotary. In Ford *v.* Keen the agreement expressly stipulated that the refer-

3 P. F. SMITH—30

[Brendlinger *v.* Yeagley.]

ence should be under the 6th section of the Act of 1836.  Therefore the court held in these cases that the intent to make the reference a rule of court was sufficiently implied.  Such consent is to be presumed from the manifest intent to refer the action itself, and to make the award a part of the proceeding therein, and the means of prosecuting it to a conclusion.  But when this intent does not appear, or where a contrary intent is manifest from the terms of the submission, the reverse has always been held.  The following cases are instances: Okison *v.* Flickinger, 1 W. & S. 257; Gallup *v.* Reynolds, 8 Watts 424; Stokely *v.* Robinson, 10 Casey 315.  In the last case the result of the decisions is summed up by our brother Thompson to the effect already stated, and he adds—" further than this the courts have not gone."

What then is the purport of the submission in this case ?  It begins by reciting that a lawsuit is now pending between the parties and for trial at June Term 1864, the date being June 3d 1864.  But what was the purpose of this recital ?  We are told in the next sentence.  We do agree and covenant with each other (the paper says) that *they*, the said Brendlinger and Yeagley, will *stop* all further proceedings *at law*, and leave it to Lewis Fisher and J. R. Stull, who shall select a third man, and whatever decision they make shall be binding and *final* of *all former* transactions between the said parties.  What is to be inferred from this ?  Clearly not an intention to prosecute the action, for it was agreed to stop it though then on the trial list.  It was not to refer the issue in that action only, for whatever the decision of the referees, it should be binding not only upon the matters of controversy therein, but of all former transactions between the parties.  The nature of the pending case more clearly exhibits this.  A judgment had been entered on a warrant of attorney, which had been opened, and an issue directed by the court to determine the amount due upon the judgment.  It was therefore a special proceeding arising under the equity powers of the court to determine the specific extent of the defendant's liability under the judgment.  No such purpose is to be seen in this submission.  On the contrary, the purpose was to stop this proceeding, and to institute another which should embrace all former transactions, and instead of being a part of the action, and filed in its prosecution, should be itself a finality.  Richardson *v.* Cassily, 3 Watts 320, is a case more nearly resembling this than any one we have been referred to.

Whether the award in this case is good at common law, or how it shall be enforced, it is not our present purpose to decide.  We think it is not available as an award in a pending action, and the judgment is therefore reversed, leaving the plaintiff to stand

[Brendlinger v. Yeagley.]

upon his award, and to take such proceedings upon it as may be authorized by law.

Judgment reversed.