GEORGE MILLER v. HENRY BRUMBAUGH.

| 7 | 343 |
| 57 | 300 |

| 7 | 343 |
| 73 | 293 |

1. PLEADING—*Issue—Promissory Note—Consideration.* Under an answer in a suit on a promissory note which alleges in general terms that the note was given without any consideration whatever, the defendant may offer testimony going to show a want of consideration, and the plaintiff may prove any consideration.

2. ARBITRATION—*Irregularities—Waiver.* The giving of a note for the amount of an award is a waiver of irregularities in the arbitration proceedings.

3. ———— *When and in what cases Arbitration Proceedings are legal.* Any controversy between parties relating to personal property may form the subject of a reference; and in all cases of injury either to the person or property, where damages would be recoverable by action, the arrangement of the matter may be left to arbitration. (*Stigers v. Stigers*, 5 Kas., 652, considered and distinguished.)

4. AWARD—*When conclusive.* A claim for compensation for labor and material which is not in suit may, by consent of the parties, be referred to arbitrators, and their award is conclusive unless impeached.

5. REPLY—*Pleading—Issue—Sufficiency of.* A reply which denies every "material" allegation of the answer is sufficient.

*Error from Douglas District Court.*

ON the 17th of August, 1864, the parties to this suit entered into a written contract, whereby *Miller* agreed to build for *Brumbaugh* a dwelling-house and smoke-house at a stipulated price of $1,525. After some delay *Miller*

built the two houses. *Brumbaugh*, while the work was progressing, paid the $1,525. After the work had been completed and accepted, *Miller* made claim for payment of extra labor and material. *Brumbaugh* disputed the claim, and denied that there was either extra labor or material. They could not agree. Finally they signed this stipulation:

"This agreement made this 6th day of June, 1868, by and between Henry Brumbaugh of Palmyra township, county of Douglas, and State of Kansas, of the first part, and George Miller of the same place, witnesseth: That the said Brumbaugh in consideration of the covenants on the party of the second part hereinafter contained, doth covenant and agree to and with the said Miller that they and each of them is agreed to arbitrate a certain job of carpenter work by leaving it to two disinterested citizens of Douglas county, with the understanding that if they cannot agree, they (the two men) shall choose the third man; and that we and each of us will stand to said arbitration. And it is further agreed by the said Henry Brumbaugh and George Miller, that if they or either of them should vary from this agreement they will pay to the other the sum of five hundred dollars.

"In witness whereof, we have hereunto set our hands and seals, the day and year above written."

After this each of the parties chose two, instead of one arbitrator, as provided in the stipulation. The four arbitrators met, heard the statements of the parties, made some examination of the work, and decided that *Brumbaugh* should pay *Miller* $350. Not having, as he said, money enough to pay this amount, Brumbaugh gave Miller his promissory note therefor, due in thirty days. The note not being paid at maturity, *Miller* brought this action to recover the amount of the note. The petition was an ordinary short form petition on a promissory note. The answer contained first, an averment "that the plaintiff ought not to have his said action against the defendant, because he says that the said promissory note in

said petition mentioned was given by defendant to said plaintiff without any consideration whatever therefor;" and second, an allegation that the note was obtained by false and fraudulent representations as to the work and material; that in fact the work and materials were inferior to the contract stipulations, whereby defendant was damaged in the sum of five hundred dollars, for which amount he asked judgment. To this answer a reply was filed containing two counts, first, a denial of "each and every material allegation of new matter in said answer contained," and second, that the note was given for an amount found due upon settlement of accounts. Upon these pleadings the trial was had. *Brumbaugh* having attacked the consideration of the note, *Miller* offered in evidence the above submission, the award of the arbitrators, and proof that the note was given in satisfaction and performance of the award, to which defendant objected, and the court sustained the objection, and rejected the evidence. Verdict and judgment for the defendant. Motion for new trial overruled, and *Miller* brings the case here by petition in error.

*Thacher & Banks,* for plaintiff in error:

1. The court erred in excluding the written submission signed by the parties. It was competent evidence to show a consideration for the note, and a part of the transaction inquired into by both parties.

The parties, it was already proven by the defendant, had submitted their matters in difference to arbitration. The arbitrators had met and acted, and announced their award, and the note in controversy was given to satisfy the same.

It makes no difference if the parties finally selected a greater number of arbitrators than the written agreement

mentioned. This they were competent to do; but the writing was competent, and the best evidence to prove what was submitted, and to exclude it was error.

It was rejected as not competent under the pleadings. The petition alleged the note to be given for value received. The submission and award furnished that value. The answer denies that value was received for the note. This affirmation and denial make the issue, and upon that it was competent for the plaintiff to prove any consideration. *Chamberlain v. Painsville & H. R. Co.*, 15 Ohio St., 225; *Wheeler v. Billings*, 38 N. Y., 263.

2. The award is final, and cannot be thus questioned collaterally. *Barlow v. Todd*, 3 Johns., 367; *De Long v. Stanton*, 9 id., 38; *Fiddler v. Cooper*, 19 Wend., 285; *Wheeler v. Van Houten*, 12 Johns., 311; *Newland v. Douglas*, 2 id., 62; *Bunnell v. Pinto*, 2 Cow., 431.

The award was valid, notwithstanding it was oral; the submission not requiring it to be in writing. 20 Ver., 189; 1 Chand., 219.

3. The verdict is contrary to law. The judgment should be reversed, and a judgment rendered in favor of the plaintiff for the amount of his note, interest and costs. Civil Code, § 559.

*Riggs, Nevison & Foote*, for defendant in error:

1. There was no error in excluding the written submission signed by the parties. It will be seen that the paper referred to was an arbitration bond. It was incompetent. It did not tend in any manner to prove or disprove any of the allegations in the pleadings. There was no allegation in the pleadings that the note had anything to do with an arbitration; and if the note was based on an arbitration award the plaintiff should have pleaded it,

so that the defendant might be informed what he was to meet. The rule is that the evidence must be confined to the issues made by the pleadings. The paper was properly ruled out, for the additional reason that the plaintiff had given evidence as to what was done at a pretended arbitration, which facts were not disputed.

2. The plaintiff in his reply denied " every *material* allegation of new matter in said answer contained." This is no denial of anything contained in the answer; and as the answer stated a good defense, being undenied, defendant was entitled to judgment on the pleadings.

But it is claimed that the reply constitutes a denial. A denial of what? A denial of the " material " allegations. Now, who is to say from this that he denies any *specific allegation* therein? The courts have held, and correctly, we think, that such an answer or reply is frivolous, and should be stricken from the files: 1 Van Sandt. Pl., pp. 425, 430, 599. *Woods v. Morrell,* 1 Johns. Ch. R., 107; 5 How. Pr. R., 14; 14 Barb., 533.

3. It is claimed by plaintiff that there was an arbitration, and that the court erred in excluding their award. There was no arbitration; nor could the plaintiff prove one under the pleadings. If it was anything, it was nothing more than an attempted settlement, by and with the aid of the four men; and it was clearly competent for defendant to prove what was done there by all parties, for the purpose of disproving a settlement.

The opinion of the court was delivered by

BREWER, J.: The learned judge who tried the case held the stipulation to arbitrate inadmissible under the pleadings, treated the proceedings before the arbitrators as simply a settlement of accounts, and ruled that the first

count in the reply did not put in issue the defenses set up in the answer. In each of these rulings we think there was error. The first defense in the answer is that 1. Pleading; the note was given "without any considera-
issue; proof of
consideration. tion whatever therefor." The petition, recit- ing the note, affirms that it was "for value received." The answer denies that value was received; an affirma- tion that it was without value is equivalent to a denial that it was with consideration. This affirmance and denial make an issue. It is complete. Whether plain- tiff could by motion have compelled defendant to set out the circumstances under which the note was given, the facts upon which he bases his averment that the note was given without consideration, it is useless to inquire. The parties were satisfied with the issues as made. They went to trial upon them. Under that general averment, the defendant could offer any fact which tended to prove that the note was give without consideration, and the plaintiff on the other had, could show any consideration. *Chamberlin v. P. & H. Railroad Co.*, 15 Ohio St., 225; *Wheeler v. Billings*, 38 N. Y., 263. This stipulation be- ing as we have seen competent evidence, it, together 2. Irregularities with the choice of arbitrators, the award, and
in arbitration,
how waived. the acceptance of the same by the parties, the one giving and the other receiving a note for the amount awarded, present what would have been at common law complete arbitration proceedings. Any irregularities in the number of arbitrators, or in any part of the proceed- ings, were waived by an acceptance of the result, and a payment of the award. Precisely as the giving of a note for the amount of a verdict of a jury waives any irregu- larities in the prior proceedings in the case.

II. An impression seems to have prevailed that this court has decided that arbitration proceedings were not

3. ARBITRATION; when and in what cases allowed. The whole question discussed. recognized by the laws of Kansas, and of no force here. The only case whose decision could afford a basis for such impression is that of *Stigers v. Stigers*, decided in the winter of 1865. No opinion was ever written; and the only information we have concerning the decision is that furnished by the syllabus of the judge who announce; it. This will be found in the appendix to 5 Kansas Reports, p. 652, and is as follows: " 1.–At common law disputes concerning " real property were not the subjects of arbitration. 2.– " The statute of William III, ch. 15, in aid of the com- " mon law, has not been adopted in this State. 3.–An " award concerning real estate cannot be offered in evi- " dence in an action for the possession thereof, unless it " shall appear that it was made in pursuance of a refer- " ence from the district court." This syllabus, so far from holding all arbitration proceedings void, impliedly recognizes the validity of some. The point the court makes is, not the *right* to arbitrate, but the *subject* of arbitration. We do not care to carry the decision of the court any further than its language compels. Caldwell, in his work on Arbitration, p. 3, treating of the subjects of arbitration, after speaking of the rule as respects real estate, and noticing some decisions thereon, uses this language: " Any controversy relating to personal prop- erty may form the subject of a reference. And in all cases of injury, either to the person or property, where damages would be recoverable by action, the arrange- ment of the matter may be left to arbitration. Disputes respecting rent, or tithes, charges of slander, breaches of contract, trespass to the person or property, the adjust- ment of the terms of a marriage separation, etc., may be submitted to arbitration." And this seems to be sup- ported by an unbroken current of decisions. Whatever

may have been the rule regarding real-estate questions, controversies concerning personal property and personal, actions were always matters of arbitration. The settlement of disputes by arbitration is a matter of ancient practice at the common law. It did not originate with the statute of William III, but existed long anterior. That statute increased its efficacy, and enlarged its use, by providing a method of transforming the award of the arbitrators into the judgment of a court. A similar statute may be found in many States. But the right to arbitrate exists independent of those statutes. In 15 Wend., 100, Senator Edwards says: "The revised statutes have not changed the law in relation to submitting matters in controversy to arbitration, except in cases where the parties enter into a submission in pursuance of the provisions they contain. They do not declare all other submissions void; nor do they affect a parol submission; such a submission is as valid as it ever was." And Senator Maison: "Parties may by parol submit any matters in controversy between them to arbitration; this is the common law of the land." In a note in 2 Hill, p. 273, the editor says: "Statutes like the one in this State, (New York,) prescribing a certain form for submission to arbitration, and for enforcing awards made thereon, by special proceedings in court, have seldom been construed as excluding parties from the right of submitting in the common law mode. (See *Lagsdon v. Roberts' Ex'rs*, 3 Monroe, 256; *Evans v. McKinney*, Litt. Select Cas., 264; *Wells v. Lain*, 15 Wend., 99; *Richardson v. Cassily*, 3 Watts, 320.) Indeed, even where the statute had been pursued in respect to the form of submission, it has been held that the party in whose favor it was made might elect either to enforce it under the statute, or treat it as a common-law award, and enforce it by

action. *Dickinson v. Tiner*, 4 Black., 253; *Titus v. Scant-ling*, id., 89. See also, *Lamar, et ux, v. Nicholson*, 7 Porter, (Ind.,) 158." And Denio, J., giving the opinion of the court, in 21 N. Y., 148, uses this language: "It has been often held that the statute prescribing certain forms for submission to arbitrators, and allowing the parties to agree that a judgment of a court of record designated in the instrument of submission should be rendered upon the award, was cumulative merely, not exclusive; and that an award pursuant to a submission which would have been valid at common law, but which did not conform to the statute, would support an action." This arbitration, which, from the above quotations, and numberless other authorities which might be cited, is shown to exist independent of any statutory provisions, and as a right guarantied by the common law, is thus defined by Blackstone, Book iii, p. 16: "Arbitration is where the parties, injuring and injured, submit all matters in dispute concerning any personal chattels or personal wrong to the judgment of two or more arbitrators who are to decide the controversy, and if they do not agree, it is usual to add that another person be called in as umpire, to whose sole judgment it is then referred; or frequently there is only one arbitrator originally appointed. This decision in any of these cases is called an award; and thereby the question is as fully determined, and the right transferred or settled, as it could have been by the agreement of the parties or the judgment of a court of justice." Bacon in his Abridgement, on page 306, says: "The submission is the authority given by the parties in controversy to the arbitrators to determine and end their grievances; and this being a contract or agreement must not be taken strictly, but largely, and according to the intent of the parties submitting." And further on a few

lines occur these words: "The submission may be by word or deed; if the submission be by word, there is no remedy to enforce the party to perform the award; but reciprocal actions on the case, and an action of debt will lie, if money be awarded, for it is in nature of a simple contract." The note on page 35 of Caldwell on Arbitration reads thus: "A submission is a contract by which contending parties agree to submit the matters in controversy between them to the decision of a third person or persons, and to be bound by such decision." And in the text, on the same page, are these words: "The submission may be simply the act of the parties, or may be entered into through the medium of a court of law or equity. In the former case the submission may be verbal, by written agreement, not under seal; by indenture, with mutual covenants to abide by the decision of the arbitrators; by deed poll, or by bond, each party executing an obligation to the other, conditioned to be void respectively, on performance of the award.

Arbitration proceedings may be properly classified under three heads: *First*, Where, in the absence or regardless of any statutory provisions, the parties to any controversy submit the decision thereof to mutually chosen arbitrators. In these cases, while the questions in dispute are settled, neither the arbitrators nor the party in whose favor the award is made have power to enforce it. The successful party must resort to the courts in an action on the award, and is benefitted by the arbitration only in this, that he may base his action on the award, instead of the original cause of action, and such award is, unless impeached, conclusive evidence in his favor. *Second*, Where by statute authority is given to parties to a controversy not in court to

4. Arbitration: award; when conclusive.

submit the same to arbitrators, whose award may on motion be entered as the judgment of a designated court. Here the successful party has not only the advantage of a determination of the disputed questions, but an easy and expeditious method of placing that determination in a position where the law will enforce it. This was the aim and scope of the statute of William III, above referred to. *Third,* When a court in which a controversy is pending, sends such controversy for determination to arbitrators chosen by the parties or selected by the court. This method of arbitration which is usually designated as a reference is very common in this country. Of these three methods or kinds of arbitration, the second does not exist in Kansas, the first and third do. The parties to this suit proceeded under the first method. They arbitrated their differences, accepted the award, and gave and received a note in settlement. Such award is con_clusive until impeached.

III. The denial in the reply was, " of each and every material allegation of new matter in the answer." It seems to have been thought that the use of the word "material" vitiated this denial; that to be good it should extend to every allegation. "Who is to say from this, that he denied any specific allegation?" inquire counsel in their brief. A little examination will expose the error. The affirmance and denial of an immaterial matter make no issue in an action. We consider pleadings with reference to the issues they present, and take note of affirmations and denials only as they affect these issues. The evidence is confined to those allegations only which are material. They only are subjects of consideration. If immaterial allegations prejudice a party they may be stricken out on his motion.

*5. Answer; denial of "material" allegations.*

If they do not prejudice, they may be disregarded. If a denial were necessary, they would be considered as denied under section 128 of the code. "Every *material* allegation of the petition, not controverted by the answer, and every *material* allegation of new matter in the answer not controverted by the reply, shall, for the purposes of the action be taken as true." The use of an adjective, which, when not used, is implied, cannot injure a pleading.

A great many points are discussed by counsel in the briefs, and many rulings are claimed to be erroneous; but inasmuch as the decision of the preceeding questions will give an entirely different shape to the case, on a subsequent trial, we do not deem it necessary or proper to encumber the record with a discussion of them.

The judgment is reversed, and a new trial awarded.

All the Justices concurring.