## RAPP v. HICKS et al.

No. 12270—Opinion Filed Nov. 6, 1923.

### 1. Appeal and Error — Questions of Fact — Verdict.

Where the issues are clearly drawn by the pleadings, and the court correctly charged the jury as to the law, and properly directed them as to the issues of fact to be determined, their verdict, and the judgment rendered thereon, will not be disturbed on appeal, where the same is reasonably supported by the evidence.

**2.   Pleading — General Denial — Execution of Instrument.**

An answer, which denies each and every material allegation of the petition of plaintiffs, and further specifically denies the execution of the instrument, the basis of plaintiff's cause of action, under oath, is sufficient to constitute a general denial, and put in issue the execution of the instrument.

(Syllabus by Jones, C.)

Commissioners' Opinion. Division No. 3.

Error from District Court, Dewey County; T. P. Clay, Judge.

Action by Carl Rapp against William Madison Hicks and others to recover on promissory note. Judgment for defendants, and plaintiff appeals. Affirmed.

Swindall & Wybrant, for plaintiff in error.

Tom L. Ruble, for defendants in error.

Opinion by JONES, C.   This appeal involves the consideration of an action commenced in the district court of Dewey county, Okla., by plaintiff in error, plaintiff below, against the defendants to recover the sum of $600 evidenced by one certain promissory note dated November 1, 1917, payable to the order of the plaintiff, Carl Rapp, bearing ten per cent. interest, and providing for reasonable attorneys fee, which he alleges to be the sum of $100, to which petition defendants file their answer, which is as follows:

"Comes now the defendants above named and each of them and for their answer to said cause of action and for their defense thereto, each for himself denies each and every material allegation of said petition and in particular said defendants deny the execution of the instrument set out in the petition of the plaintiff and say that they did not sign said promissory note sued on, herein."

To which the plaintiff files his reply in the nature of a general denial. And upon the issues thus joined the case was called for trial and was submitted to a jury. The jury returned a verdict in favor of defendants and against the plaintiff, and the court thereafter rendered judgment in conformity to the verdict. Motion for a new trial was filed and overruled and plaintiff appeals.

Plaintiff in error sets forth numerous assignments of error and in his brief first complains of the error of the court in failing to sustain motion for judgment on the pleadings interposed at the time the case was called for trial, which is based on the contention that the answer of the defendants heretofore quoted was a conjunctive denial of a conjunctive allegation and was not sufficient to put in issue any one of the allegations so denied, and deals at considerable length and cites many authorities in his brief in support of this contention. And gives a rather instructive treatise on the question of the effect of such pleadings and a very able discussion of what constitutes a negative pregnant and a modified negative and conjunctive negative, and while the court is not unmindful of the importance of the principles discussed, they have but little force and effect on the question of pleading and practice as we understand it in this state, and are highly technical, and while there might be such pleading as would be subject to the rules urged they have no application to the pleading with which we are concerned: pleadings which clearly set forth the issue to be determined are sufficient so far as form is concerned and in this answer complained of there is a specific denial of the allegation of execution duly verified, which conforms to our statutory provisions. And where the statutes are complied with, which require some specific manner of pleading, we think it would be rather difficult to draw a pleading which woud be defective on so simple a question as the issue herein involved, based on the execution of an ordinary promissory note; similar pleadings have been upheld in the case of Nix v. Gilmer, 50 Okla. 740, 50 Pac. 131, which holds that:

"An answer, which denies each and every material allegation of the petition of plaintiff, is sufficient as a general denial"

—which follows the rule laid down in the case of Miller v. Brumbaugh, 7 Kan. 343.

The next proposition urged by plaintiff in error in his brief is that the verdict of the jury is not sustained by sufficient evidence and that it is contrary to law. The facts, as disclosed by the record, shows that one William Madison Hicks, the principal defendant in the case, was interested in the establishing of a library for the benefit of the public. And, as we gather from the evidence, the said Hicks induced the other defendants to sign a list, on the representation that he would secure 20 or 30 names, and that the library in contemplation could be purchased for $600, and they signed the list with the understanding that if he could secure a sufficient number, not less than 20, who would agree to pay their proportionate part, that they would assist him in securing the funds necessary with which to purchase the library, and denied that they ever signed any other papers or that they ever signed the promissory note sued

on, but that their signatures were detached from the sheet which they signed and pasted or attached to the promissory note herein sued on without their knowledge or consent, and contend that they are not liable on the note for the reason that they never signed the note, and furthermore that all the names agreed upon were never secured and that under their agreement they were under no obligation to sign a note. This certainly would be a good defense if true, and it is an issue of fact which arose by reason of the fact that the note in question was offered in evidence by plaintiff, and when fairly submitted to the jury under proper instructions we think the verdict of the jury is controlling. While there is some conflict of evidence this court is unable to say that there is a preponderance of evidence in behalf of plaintiff in error.

The third proposition discussed by plaintiff in error is the error of the court in refusing to give the following instruction:

"The court instructs the jury that under the undisputed evidence in this case, your verdict must be in favor of the plaintiff and against the defendants, James Walker and J. C. Williams."

And bases this contention on the fact that these two defendants were not called as witnesses, and did not deny the execution of the note, but the physical evidence and the testimony of witnesses shows that their signatures were attached to the same piece of paper and intermingled with the signatures of the other defendants, and we think is sufficient to raise the same issue of fact as would have been raised had they testified and specifically denied the execution of the note.

And, fourth, plaintiff in error complains of the following instruction which was given by the court:

"If you fail to find from the preponderance of the testimony that the defendants George Allen, J. C. Williams, H. M. Dickey, James Walker, G. W. Lash, John J. Moss and O. S. Dryden signed the note in question or if the jury believe from the evidence that their signatures were obtained from any trick, or artifice by pasting the note on over the signatures of the parties on a blank piece of paper or otherwise, then your verdict must be for the defendants."

But in our judgment we think this instruction fairly presents the law of the case. Plaintiff in error objects to the instructions for the reason that he asserts that the answer of defendants was insufficient in law to entitle the defendants to offer any defense to said note, and that there was no allegation in the answer of any

fraud or artifice being perpetrated upon the defendants, but we do not understand that the rule of law which the plaintiff in error evidently has in mind applied in cases of this character. The execution of the note having been properly denied, the burden was upon the plaintiff to establish that fact, and when he offered the note in evidence it then became subject to any attack that might be made upon its validity, and the fact that the note itself showed that it had been pasted to and attached to the paper upon which the signatures were subscribed, standing alone, would be sufficient to justify such an instruction where its execution had been denied under oath.

Finding no substantial error, we recommend that the case be affirmed.

By the Court: It is so ordered.