## GAINES v. UNION CENTRAL LIFE INS. CO.

No. 30530. Sept. 15, 1942.

*129 P. 2d 79.*

W. M. Bowles, of Perry, for plaintiff in error.

Paul W. Cress, of Perry (Emmett V. Rosser, Jr., of Tulsa, of counsel), for defendant in error.

GIBSON, J. This is an action by the holder of life insurance against the insurance company to compel reinstatement of the policy. Judgment was for defendant, and plaintiff appeals.

Plaintiff alleged that in the year 1903, while a resident of Alabama, he applied for and received from defendant a 20-year pay life insurance policy in the sum of $1,000; that all the premiums thereon have been paid, and that the policy was in full force and effect on June 5, 1939, when the defendant without right or authority of law canceled said policy and notified plaintiff thereof. Plaintiff asked that the court set aside said cancellation and order the policy reinstated.

In its answer defendant alleged that in 1921 the plaintiff, joined by the beneficiary named in the policy, negotiated a loan on said policy whereby they borrowed from defendant a certain sum and executed and delivered to defendant their promissory note therefor, and delivered the policy to defendant as security; that no part of said loan or the interest thereon has been paid; that the principal and interest so due now exceed the cash or surrender value of said policy; that the defendant for that reason cancelled the policy as it had a legal right to do under the laws of the State of Alabama, where the contract was entered into.

Plaintiff denied ever borrowing the money, and alleged that his purported signature on the note and the one endorsed on the check given by the company pursuant to the loan were not his own but were false and forged.

Plaintiff supported his allegations by his testimony, and stated further that he had removed to Oklahoma from Alabama in 1907, and returned to Alabama only one time, which was in 1925, and for a short visit only; that in 1907 he left the policy with his father, who was the beneficiary, with the understanding that his father would pay the premiums thereon, and that his father had paid all the premiums; and, further, that plaintiff had not delivered the policy to defendant. It further appears from plaintiff's testimony that he had received a number of annual notices from defendant concerning the loan, and that he made no inquiry about the matter until March 1, 1935, when he wrote defendant requesting an explanation of the notices and denying that he had ever received a loan on the policy, and asserting that he had never authorized his father or any one else to make the loan or to endorse his name on the check aforesaid. The father died in June, 1935.

This action was commenced July 3, 1939.

A witness who qualified as a handwriting expert testified, after examining photostatic copies of the instruments, that the signature on the note

and the one endorsed on the check were in the same hand as that of the plaintiff appearing on the application for the insurance.

In its pleadings the defendant, in addition to the allegation that plaintiff actually negotiated the loan, asserted that plaintiff was estopped to deny the same by reason of his actions as above related.

The court found generally for defendant.

Plaintiff says the judgment was clearly against the weight of the evidence.

The general finding of the court included a finding against plaintiff on his allegation of forgery. Watashe v. Tiger, 88 Okla. 77, 211 P. 415.

Under the issues as formed in this case and the theories of the parties, if the purported signatures of plaintiff above mentioned were genuine, the judgment of the trial court may be affirmed on that ground alone.

After an examination of the record, we are of the opinion that the judgment was not against the clear weight of the evidence on that issue.

It is true that the defendant at the time it accepted the note and paid the check was under the duty to satisfy itself at its peril that the signatures thereon were genuine. 8 Am. Jur. 319, § 605. And, by reason of plaintiff's verified denial that he executed the note and endorsed the check, the burden was on defendant to establish the signatures as those of the plaintiff. 12 O. S. 1941 §286; Rapp v. Hicks, 93 Okla. 182, 220 P. 465. The trial court found that the defendant had sustained the burden by the preponderance, or the weight, of the evidence. Plaintiff said he did not sign the instruments; the handwriting expert says he did sign them. On examination of the photostatic copies, we are impressed by the similarity of the signature on the original application and the signatures in question. The trial court had these signatures before it, and heard the testimony of the expert witness and that of the plaintiff. The opportunity thus afforded the trial judge to appraise the witnesses and observe their general demeanor has its peculiar advantages from the standpoint of adjudging the truthfulness of their testimony or in testing the accuracy of their memory.

Many years had elapsed since plaintiff had manifested any interest in the status of the policy. He said that the policy was left with his father in 1907 and had remained there; that his father paid all annual premiums since that time. As early as 1930 plaintiff received notices from defendant concerning the indebtedness on the policy and made no inquiry until 1935. This would indicate strongly that he gave little thought to the matter. The trial court, in the face of the signatures before it and the testimony of the handwriting expert, and after considering all the circumstances in evidence, probably believed that the execution of the note and the endorsement of the check had escaped plaintiff's memory. At least, the court believed the testimony of the expert witness. We cannot say that its judgment was clearly against the weight of the evidence. This is an action of purely equitable cognizance. In such case the judgment of the trial court is not reversed unless the same is clearly against the weight of the evidence. Mitchell v. Jackson, 177 Okla. 441, 60 P. 2d 390.

Plaintiff complains of the testimony of the expert witness, contending that it is not entitled to as great weight as that of his own. Certain authorities are cited in 64 L. R. A. 303, et seq. Some courts have said that such evidence is in small favor, and may be disregarded by the trier of the facts. But this court has approved such evidence. The weight to be accorded it lies within the sound legal discretion of the court. Small v. Comer, 171 Okla. 418, 43 P. 2d 716. Mere comparison of the questioned signature with the genuine one will support any finding on the issue. This may be done by witness, the court, or the jury. 20 Am. Jur. 619, § 742.

The testimony of the handwriting ex-

pert coupled with the actual comparison by the court of the disputed signatures with the genuine one constituted ample evidence to support the finding of genuineness over the testimony of the plaintiff to the contrary, and we cannot say that plaintiff's testimony was of greater weight.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.