In the Matter of the ESTATE of Ella Carson BOGAN, Deceased.

Carl MATHEWS, Appellant,

v.

Neil BOGAN et al., Appellees.

No. 46927.

Supreme Court of Oklahoma.

Oct. 7, 1975.

J. Douglas Mann, D. E. Martin, Paul A. Comstock, Pawhuska, for appellant.

Matthew J. Kane, Matthew J. Kane, Jr., Pawhuska, for appellees.

HODGES, Vice Chief Justice.

This appeal is from an order of the District Court which refused to admit to probate a will dated February 15, 1951, and a codicil dated October 15, 1967, presented by Carl Mathews (Mathews) and admitted a will dated February 3, 1966, offered by E. N. (Neil) Bogan (Bogan).

Ella Carson Bogan, deceased, executed a will February 15, 1951, in the presence of three subscribing witnesses. Each of these witnesses testified that the will was validly and properly executed. The appellant, Mathews, was designated as the residuary beneficiary.

On February 3, 1966, the decedent executed a will prepared by an attorney which designated her husband, Bogan, as the sole beneficiary. This will was witnessed by two persons. One was deceased at the time of trial, and his signature was identified by a person familiar with it. The remaining attesting witness identified his own signature and further testified all of the formalities of execution were observed; the deceased was not under any undue influence, duress or fraud; and she was of sound and disposing mind.

The same three subscribing witnesses who witnessed the 1951 will of the testatrix also witnessed the 1967 codicil which declared all wills in conflict with the 1951 will null and void. Their testimony indicated that the testratrix signed the codicil in their presence; each witness signed with the same pen in the presence of the others and of the testatrix; that the testatrix was of sound and disposing mind not acting under undue influence, duress or fraud; the testatrix told them that the instrument was a codicil to her 1951 will; and her execution of it was her free and voluntary act.

Contestants of the will and codicil alleged that: the instrument was not the last will and testament of the decedent; the signatures appearing on the will and codicil were not genuine; and the witnesses did not sign their names to the instrument in the presence or at the request of the decedent.

Mathews offered an expert witness, a graphoanalyst, whose testimony was admitted into evidence. The expert testified in substance that the signatures of the testatrix on the 1951 will and 1967 codicil were genuine.

Bogan, offered an expert witness, Charles Scott, a document examiner, who testified the signature of the testatrix on the 1951 will was probably genuine; the 1951 will was not typed all at the same time and that the bottom portion of the first page of the 1951 will had been pasted on to the top portion; all of the 1951 will was typed on the same typewriter by the same person but with two different ribbons; the wills were signed with different pens; and the signature of the testatrix on the 1967 codicil was not genuine.

The trial court held: the testatrix signed her name to the 1951 will; the bottom of the first page of the 1951 will had been cut off and that a portion had been pasted on; the two portions of the first page were typed by the same person but at different times; Mathews, the proponent of the 1951 will had failed to explain whether the bottom portion of the first page had been pasted on prior to or after the will's execution in 1951; the signature of the testatrix on the codicil was not genuine and, therefore, could not serve to republish or revive the 1951 will.

The Court found the 1966 will offered by Bogan was properly executed by the testatrix and it was admitted to probate.

The issue which is dispositive of the appeal is whether under 58 O.S.1971 § 43 handwriting experts may testify as to the authenticity of the signature of the testatrix when the three subscribing witnesses testify to the proper execution of the will. This statute in pertinent part provides:

"If the will is contested, all the subscribing witnesses who are present in the county, and who are of sound mind, must be produced and examined; and the death, absence or insanity of any of them must be satisfactorily shown to the court. If none of the subscribing witnesses reside in the county, and are not present at the time appointed for proving the will, or although such witnesses reside in the county and are insane or incompetent, and such facts are first made to appear to the court, either in contested or non-contested will cases, the court may admit the testimony of other witnesses to prove the sanity of the testator and the execution of the will and, as evidence of the execution, it may admit proof of the handwriting of the testator and of the subscribing witnesses, or any of them. * * *"

Mathews asserts that handwriting experts are precluded from testifying as to the genuineness of the signature of decedent on the instrument when all the subscribing witnesses testify as to the proper execution of the will. He also argues that even if the testimony of the expert is admissible, it cannot overturn the direct credible testimony of three subscribing witnesses. We find that such an interpretation is not warranted by the statute and could promote fraud without the safeguard of possible detection.

The Supreme Court of Kansas considered this problem in a similar case. In *Baird v. Shaffer*, 101 Kan. 585, 168 P. 836 (1917) the Court stated:

"The testimony of attesting witnesses to a will may be overcome by any competent evidence. * * * Such evidence may be direct, or it may be circumstantial; and expert and opinion evidence is just as competent as any other evidence. Indeed, where the signature to a will is a forgery, and where the attesting witnesses have the hardihood to commit perjury, it is difficult to see how the bogus will can be overthrown except by expert and competent opinion evidence tending to show that the pretended signature is not that of the testator, but spurious. The rule contended for by appellants would frequently baffle justice and give judicial countenance to many a high-handed fraud. * * *"

See also *In re Zimmerli's Estate*, 162 Wash. 243, 298 P. 326, 328 (1931); *In re Kisling's Estate*, 68 Cal.App.2d 163, 156 P. 2d 57 (1945); *Dunbier v. Rafert*, 170 Neb. 570, 103 N.W.2d 814, 828 (1960).

Mathews argues that the pertinent Oklahoma Statute, 58 O.S.1971 § 43 is more restrictive than the Kansas Statute, and, therefore, *Baird v. Shaffer*, supra, is inapplicable. We do not agree.

The burden of proof rests on the proponent of the will to establish by a preponderance of the evidence that it was executed and published according to law. *In re Stover's Will*, 104 Okl. 251, 231 P. 212 (1924).

This is a field in which the expert is appropriate. Courts have seen fit to give

their testimony the weight to which they think it is entitled after reviewing all the facts and circumstances. *In re Cravens Estate,* 206 Okl. 174, 242 P.2d 135, 138 (1952).

The opportunities for making alterations in a will are so great that apparent alterations are looked upon with suspicion, and unnoted and unexplained alterations apparent upon the face of a will are presumed to have been made after execution. The burden of proof is upon any person asserting to the contrary to show that the alteration actually was made before execution. *In re Cravens' Estate,* p. 138, supra. This alteration is obvious. Two different types of paper have been pasted together. Paragraph Twelve ends the first page and another paragraph denominated as (B) Twelve begins the second page. However, the handwritten B did not appear on the copy made by the graphoanalyst prior to the trial. The trial court found, and we concur, that the proponent failed to meet the burden of proof.

It is also asserted that the trial court erred in striking the testimony of a subscribing witness for failure to remember the date of the execution of the will and the order of execution. Although this was error, it was harmless error. It is apparent that the trial court did not accord credence to the testimony of the other attesting witnesses, and even if the testimony had not been stricken, it would not have been determinative of the issue. Any error or defect in the proceedings which does not affect the substantial rights of the adverse party must be disregarded and the judgment will not be reversed because of such error. 12 O.S.1971 § 78.

The trial judge had the opportunity to see and hear the witnesses and to observe their demeanor on the witness stand. The weight to be accorded the testimony of expert witnesses concerning authenticity of signatures lies within the sound legal discretion of the court. *Gaines v. Union Cent. Life Ins. Co.,* 191 Okl. 246, 129 P.2d 79 (1942).

The trial court found that the signature on the codicil was not genuine. We believe its finding is supported by convincing evidence. Actions involving will contests are of equitable cognizance, and on appeal the Supreme Court will examine the whole record and weigh the evidence, but the findings and judgment of the trial court will not be reversed unless clearly against the weight of the evidence. *In re Brachen's Estate,* 475 P.2d 377 (Okl.1970).

Affirmed.

All Justices concur.