In the Matter of the ESTATE OF Stella T. BRUNER, Deceased.

Virginia BRUNER, Appellee,

v.

Terresa STEWART, Appellant.

No. 65590.

Court of Appeals of Oklahoma, Division No. 2.

April 21, 1987.

James E. Ryan, Kenneth Butler, Okmulgee, for appellee.

Tom J. Laub, Okmulgee, for appellant.

BACON, Judge.

This appeal involves a will contest between two sisters. This is the will in question:

1-6-85

I Stella T. Bruner of sound mind and body leave my daughter Terresa Stewart $1,000.00, To Concharty Church 1,500.00, To my daughter Virginia Bruner my land and all my monies.
I... want to include what I get from my sister Emma Burden to my daughter Virginia Bruner.

Stella T. Bruner

Stella T. Bruner was seventy-nine years old when she died on January 8, 1985. These are signatures on Stella Bruner's checks made within one week of the date of the will:

Terresa and Virginia are Stella Bruner's only heirs. Terresa was sixty-two years old when her mother died. She was married and living within a quarter of a mile from her mother. Prior to her mother's death, Terresa and her mother had hardly spoken to each other for over a year-and-one-half. Terresa only observed her mother's activities while her mother was outside feeding cattle. There had been no family visits for years. The information Terresa relied upon as to her mother's ongoing illness was neighborhood talk. Terresa admitted that her relationship with her mother was "strained."

Virginia was sixty years old when her mother died. Virginia had never married and had always lived with her mother.

After Stella Bruner died, Virginia found the above will in her mother's suitcase. Virginia filed the will for probate and Terresa contested it as a forgery.

The case was tried to the court without a jury. Numerous witnesses testified, including handwriting experts for both sides, as well as friends and neighbors of the parties.

Terresa's handwriting experts testified that the will was a forgery and Virginia's experts testified it was genuine. The friends and neighbors testified that Stella wanted Virginia, and not Terresa, to have her estate. The trial judge concluded that the will was genuine and admitted it to probate. Terresa is appealing that decision.

■ Terresa's first proposition urges that the evidence does not support the judgment of the trial court. In cases where the evidence is directly in conflict and experts are called to aid the court, the weight to be accorded that testimony lies within the sound legal discretion of the court. *Gaines v. Union Central Life Insurance Co.*, 191 Okla. 246, 129 P.2d 79 (1942); *Small v. Comer*, 171 Okla. 418, 43 P.2d 716 (1935). Actions involving will contests are equitable and the judgment will not be reversed unless clearly against the weight of the evidence. *In re Estate of Bogan*, 541 P.2d 854 (Okla.1975); *In re Estate of Bracken*, 475 P.2d 377 (Okla. 1970).

■ In the present case, the trial judge heard and observed the witnesses testify and concluded that the will was not a forgery. For us to find the will was a forgery and reverse the trial court, we would be simply substituting our opinion of the credibility of the witnesses in place of the opinion of the trial court. This we will not do. The trial court's finding that the will was genuine is not clearly against the weight of the evidence.

■ Terresa's second proposition urges that the trial court erred in admitting into evidence testimony concerning Stella's intent that she wanted her estate to go to Virginia and not to Terresa. We conclude that it was not error for the trial court to admit that evidence. *In re Creger's Estate*, 135 Okla. 77, 274 P. 30 (1929).

Affirmed.

MEANS, P.J., and REIF, J., concur.