In re BELMORE'S ESTATE.
BELMORE v. WILEY.

No. 29823. May 13, 1941.

Rehearing Denied June 3, 1941.

*113 P. 2d 817.*

Herman S. Davis, H. M. Thacker, and W. T. Jeter, all of Mangum, for plaintiff in error.

Garrett & Harlan, of Mangum, and John E. Luttrell, of Norman, for defendant in error.

HURST, J. Alma R. Wiley, daughter of David A. Belmore, deceased, and a beneficiary under his will, presented the will for probate. David A. Belmore, Jr., son of the deceased, and also a beneficiary under the will, contested the probate thereof. The county court admitted the will to probate, and contestant appealed to the district court, which affirmed the action of the county court. Contestant appeals.

It is not contended that the testator did not in fact sign the will, or that he was at the time lacking in testamentary capacity, or that the will was the result of fraud, duress, or undue influence. The sole contention is that the will was not executed and attested as required by law.

The formal requisites which must attend the due execution of a valid will, other than a nuncupative or holographic will, are contained in section 1546, O. S. 1931, 84 O. S. A. § 55. It provides:

"Every will, other than a nuncupative will, must be in writing; and every will, other than a holographic will and a nuncupative will, must be executed and attested as follows:

"1. It must be subscribed at the end thereof by the testator himself, or some person, in his presence and by his direction, must subscribe his name thereto.

"2. The subscription must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them, to have been made by him or by his authority.

"3. The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will; and,

"4. There must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence."

The will in the instant case was executed in the office of George P. Briggs, in Granite. This office consisted of a reception room and a smaller private office, with a connecting door between. The will was attested by three witnesses, George W. Briggs, Jr., K. C. Tinsley, and George P. Briggs, who signed in the order in which their names are here given. George W. Briggs, Jr., testified that the will was signed by the testator, and witnessed by him, in the reception room or front office, and that he had no recollection of K. C. Tinsley being present at any time; that he was requested to witness the will by the testator, and saw him subscribe it; and that after he had signed as a witness he called his son, George P. Briggs, who was in the offices, and in the presence of the testator requested him to witness testator's will. Both of the other witnesses testified that the will was signed by testator, and by all the witnesses, in the private office, and Tinsley testified that the testator asked him to witness his will. George P. Briggs testified that he was in the front office while his father, Tinsley, and the testator all signed the will in the rear office; that the connecting door was open all the time and that he knew what they were doing; that his father then came to the door and called him, telling him that Mr. Belmore wanted him to sign as a witness to his will; that he thereupon went into the rear office, read the will, which then bore the signatures of the testator and the other witnesses, with which signatures he was familiar, and then signed in the presence of testator and both the other witnesses.

We think this evidence sufficiently establishes a compliance with the requirements of the statute above set forth. Substantial compliance is all that is required. In re Free's Estate, 181 Okla. 564, 75 P. 2d 476. No formal request that the witnesses sign, or express declaration that the instrument is his will, is required. It is sufficient if the testator by words or conduct conveys to the witnesses the information that the instrument is his will, and that he desires them to witness it. In re Adam's Estate, 149 Okla. 90, 299 P. 226; Speaks v. Speaks, 98 Okla. 57, 224 P. 533. That such was done by the testator in the instant case is established by the record.

Contestant relies upon In re Stover's Will (McKinney v. Smith), 104 Okla. 251, 231 P. 212, as disclosing a similar state of facts, and therefore controlling. But in that case the evidence did not show any semblance of compliance with the statutory requirements. There the court, after noting the complete lack of evidence, stated that it would not be disposed to quibble about the method of publication adopted by testatrix, if the evidence tended to show the adoption of any method of publication whatever, however informal it might have been.

While the witnesses did not agree as to the details, we think the court was justified in finding that the proponent established the due execution of the will by a preponderance of the evidence. This is all that is required. In re Free's Estate, supra. We cannot say that the finding is clearly against the weight of the evidence. In re DeVine's Estate, 188 Okla. 423, 109 P. 2d 1078.

Affirmed.

CORN, V.C.J., and RILEY, BAYLESS, and DAVISON, JJ., concur.