202 Okla. 334 (1950)
213 P.2d 844
In re KING'S ESTATE.
HENDRICKS
v.
KING.
No. 33568.
Supreme Court of Oklahoma.
January 17, 1950.
*335 W.L. Steger and Porter Newman, both of Durant, for plaintiff in error.
Utterback & Utterback and W.L. Boner, all of Durant, for defendant in error.
O'NEAL, J.
This is an appeal from an order admitting a will to probate. The will is a joint will by Moses J. King and Nancy A. King, husband and wife, dated May 29, 1937.
After directing the payment of all just debts and funeral expenses of the testator, the will gives and devises all of the property of each to the other during the lifetime of the survivor, and at the death of the survivor, the will gives and devises all the property, real and personal, to a son, J.W. King, and his bodily heirs, except $5 to each of five daughters.
The will bears the signatures of "Moses J. King" and "Nancy A. King" and the signatures of three subscribing witnesses  "W. C. Caudill, Durant Okla." "W.J. Jones, Durant, Okla." and "Ceph Shoemake, Durant, Okla."
The son, J.W. King, was named in the will as executor without bond.
Testator Moses J. King died about January 29, 1946, and testator's wife, Nancy A. King, died some two years prior to the death of her husband.
The will in question was filed for probate by J.W. King February 1, 1946.
One of the daughters, Rosa L. Hendricks, contested the will, alleging mental incapacity of Moses J. King and Nancy A. King to make a will; undue influence by J.W. King and his wife, Fay King; fraud, duress and threats by J.W. King and his wife, Fay King; that the will was not executed and attested in the manner provided by law; that Nancy A. King did not sign the will and her purported signature thereto was a forgery; that Nancy A. King was uneducated, illiterate, unable to read and write, or to sign her name, and was incapable of reading, understanding or signing or executing the instrument purported to be the last will and testament of Moses J. King and Nancy A. King.
After hearing, the county court denied the probate of the will, and proponent, J.W. King, appealed to the district court. Hearing was had in the district court, resulting in an order reversing the county court and directing that the will be admitted to probate. Protestant, Rosa L. Hendricks, appeals.
There are seven assignments of error. All of the assignments, except one, go to the sufficiency of the evidence. At the time the original motion for a *336 new trial came on for hearing, protestant filed a second motion for new trial based upon alleged newly discovered evidence. It is contended that the court erred in overruling the motion for new trial, based upon newly discovered evidence.
One of the principal questions in the trial was whether testatrix, Nancy A. King, was able to read and write. There was much evidence by both parties on that question. The motion for new trial on the ground of newly discovered evidence, and the affidavits in support thereof, go almost entirely to that question. The motion and affidavits are merely cumulative and corroborative of contestant's evidence adduced at the trial. It is not newly discovered evidence, but evidence by new witnesses.
Examination of the record and motion for new trial, and the affidavits filed in support thereof, will disclose that there was no error in overruling said motion.
It is also contended that the court erred in refusing to sustain contestant's demurrer to proponent's evidence. This contention is based in part on the claim that the will in controversy was not introduced in evidence. The record does not show any formal offer or tender of the will in evidence. But the record does show that the will in controversy was produced in open court, handed to the court reporter, and marked as "Defendant's Exhibit 1." The record then shows:
"By Mr. Utterback (counsel for proponent): "Then we can agree that this is the will marked `Defendant's Exhibit 1'? Can we agree that the document, `Defendant's Exhibit 1', is the will in question  marked `Proponent's Exhibit 1'? By Mr. Stegar (counsel for protestant): "We can agree it is the will in question."
The record then shows testimony by some four or five witnesses for protestant tending to prove that the signature of Nancy A. King was not her genuine signature, and some eight or ten witnesses for proponent tending to prove said signature to be genuine.
Upon consideration of all the facts and circumstances in evidence, the court made findings of fact as follows:
"The court finds that the proposed will is the true and genuine will of Moses J. King and Nancy A. King.
"The court further finds that the signature of Nancy A. King to said will is the true signature of the said Nancy A. King and was made by the said Nancy A. King. The court further finds that the said Nancy A. King could write her name and did write her name on said will."
The court and both parties apparently treated the instrument as in evidence.
The courts have never announced a definite method to be followed in introducing documentary evidence. Whether a document is in evidence must be determined from the facts of each case. 64 C.J., Trial, § 120. The further rule is:
"Formal introduction of documentary evidence may be waived. Thus a formal introduction is waived where the court and parties treat an instrument as in evidence, or where a witness is examined with relation to it, ..." 64 C.J., Trial, § 121; Wright v. Roseberry, 81 Cal. 87, 22 P. 336, 7.
Under the rules above cited, the contention of protestant cannot be sustained.
It is also contended that the will in question was not shown to have been executed, attested and witnessed in the manner provided by law. As stated above, the will bears the signatures of testators, Moses J. King and Nancy A. King, and three subscribing witnesses. It was prepared by W.C. Caudill, an attorney, late of Durant, Okla. His signature appears as the first subscribing witness. W.C. Caudill died before the will was offered for probate. His signature, as a witness to the will, was identified and proven to be his genuine signature by his surviving widow. The *337 two other subscribing witnesess were produced and both of them testified that they had no independent recollection of having signed the will as witnesses, but both positively identified their respective signatures on the will.
The witness, Ceph Shoemake, testified that he was an attorney, and in 1937 had an office in the same building and on the same floor with the office of W.C. Caudill; that he remembered that on one occasion some years before W.C. Caudill called him to his office and requested him to sign a will as a witness. He did not remember that the will here involved was the will he witnessed at that time, but he positively identified his signature on the will in question as his genuine signature. He had no independent recollection of the presence of W.J. Jones, the other subscribing witness or of having seen him sign the will. He testified further that he was familiar with the correct procedure for making, signing and attesting a will and that he was positive that he would not have signed the will had not the facts set forth in the certificate thereto been true.
The certificate immediately following the signature of Moses J. King and Nancy A. King is:
"Subscribed by Moses J. King and Nancy A. King, husband and wife, in presence of each of us, the undersigned, and at the same time declared by them and each of them to us to be their last will and testament, and we, thereupon at the request of Moses J. King and Nancy A. King, husband and wife, and in their presence and in the presence of each other, sign our names hereto as witnesses, this the 29th day of May, A.D. 1937, at Durant, Bryan County State of Oklahoma."
In the absence of evidence to the contrary, this, we think, was sufficient to prove that the will was executed, attested and witnessed in the manner provided by law.
There is conflict in the evidence as to whether the testatrix, Nancy A. King, could read and write. No witness testified directly that she could not sign her name. There was evidence to the effect that she could not read and write and that she had in the past signed by mark two or three instruments having to do with the sale of land owned by Moses J. King to the United States as a part of the reservoir above the Gainesville Dam on Red River. On the other hand, there is testimony by a number of witnesses who testified positively that testatrix, Nancy A. King, could both read and write; that they had seen and heard her read and had seen her write. There was also testimony by witnesses who testified positively that they had seen her sign her own name in writing. There was the testimony of one witness who positively testified that he had seen testatrix, Nancy A. King, sign her own name to two petitions having to do with school matters. Photographic copies of the signatures to said petition were introduced in evidence and are strikingly similar to the signature of Nancy A. King to the will in question.
There was testimony by an expert to the effect that in his opinion the name of Nancy A. King at the end of the will was written by the same person who wrote the name Moses J. King.
There is no evidence whatever of any undue influence, fraud, duress or threats on the part of J.W. King, or any other person.
The contest of a will is a matter of equitable cognizance and the finding and judgment of the trial court will not be reversed on appeal unless the same are clearly against the weight of the evidence.
While there is some conflict in the evidence as to the genuineness of the signature of testatrix, Nancy A. King, it cannot be said that the finding of the trial court in respect thereto is clearly against the weight of the evidence. On the contrary, from the record, as a whole, it appears that the finding and judgment of the trial court *338 are in accord with and supported by the preponderance of the evidence.
Affirmed.
DAVISON, C.J., and WELCH, CORN, HALLEY, and JOHNSON, JJ., concur. ARNOLD, V.C.J., and GIBSON and LUTTRELL, JJ., concur in result.
GIBSON, J. (concurring in result).
I concur in the result reached in the majority opinion. I am of the opinion, however, that a will offered for probate need not be formally introduced in evidence in support of the petition filed for its probate. Furthermore, in this case, that question need not be decided for the record discloses that protestant waived formal introduction of the will in evidence. Hence the paragraphs of the syllabus and that part of the opinion relating to the introduction of documentary evidence in the trial of causes is unnecessary to a decision of the case and should not be contained in the opinion.
ARNOLD, V.C.J., and LUTTRELL, J., concur.