Geneva HOWARD, the duly appointed, qualified, and acting administratrix of the Estate of Commodore Perry Smith, deceased, Plaintiff in Error,

v.

ESTATE of Commodore Perry SMITH, deceased, Inez Wilson and Sybil Keeton, Defendants in Error.

No. 38155.

Supreme Court of Oklahoma.
Sept. 15, 1959.

R. Kay Matthews, Atoka, Oklahoma, Allen G. Nichols, R. D. Cox, Wewoka, for plaintiff in error.

Paul & Montgomery, Durant, for defendants in error.

HALLEY, Justice.

Commodore Perry Smith was a blacksmith at Caney, Oklahoma. On the morning of March 17, 1947, he went to the grocery store of A. D. Phillips in Caney and asked Mr. Phillips to prepare a will for him which Mr. Phillips did. A man by the name of O. H. Fryer also a resident of the town was in the Phillips' store at the time. He overheard enough of the conversation between Smith and Phillips to know that Phillips was preparing a will for Smith. He started to leave and Mr. Phillips called him back. We quote Fryer's testimony in the District Court:

"Q. How did it happen that you signed as a witness on this will? A. Well, they got it drawed up; I started out of the store and Mr. Phillips called me back and told me to come back; that Commodore had to have a witness on the will; when I got back in the office, Commodore told me what he wanted; He said he was going to the hospital and he did not know—it could be possible he would not get back; and he was executing the will and asked me if I would sign as a witness to his signature, and I told him I would.

"Q. Did you see Commodore Perry Smith sign this? A. Yes, sir.

"Q. He signed in your presence? A. Yes, sir.

"Q. What did he say about it, with reference to it being his will? A. He just said he wanted to get his business in shape and that he was executing the will; that he didn't know whether he would get back or not.

"Q. Did you see A. D. Phillips sign it? A. Yes, sir.

"Q. Did he sign in the presence of Commodore Perry Smith? A. Yes, sir.

"Q. Commodore Perry Smith signed in your presence and in the presence of A. D. Phillips? A. Right.

"Q. At that time, did Commodore Perry Smith apparently know what he was doing, and knew his property? A. I think so.

"Q. He knew his children? A. Yes, sir.

"Q. Do you think he knew what he wanted to do with his property? A. I do."

Mr. Phillips, who prepared the will and signed as one of the witnesses, was blind at the time of the trial in the District Court but was not so at the time the will was executed. He could not remember the details of the preparation and execution of the will but there is no question but that he signed as a witness to Mr. Smith's signature to the will.

There is conflict in the testimony of O. H. Fryer given in the County Court and that given in the District Court but the Judge of the District Court apparently thought that the evidence given before him was true. Smith had the will prepared in Fryer's presence. He was told that he had to have a witness and Fryer could witness the will.

 What must be answered here is whether subsections 3 and 4 of Section 55, 84 O.S.1951, were complied with in the execution of this will. We set them out:

"3. The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will; and,

"4. There must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence. R.L.1910, § 8348."

We have many times held that strict compliance with these provisions did not have to be shown to establish the due execution of a will if established by a preponderance of the evidence. Nielsen v. Sawyer, 202 Okl. 21, 209 P.2d 864; In re Free's Estate, 181 Okl. 564, 75 P.2d 476. In Belmore v. Wiley, 189 Okl. 86, 113 P.2d 817, we held

that the testator was not required to make a formal request that the witness sign or make an express declaration that the instrument was his will. It was sufficient if the testator conveyed by words or conduct to the witnesses the information that the instrument was his will.

In the case at bar the witness Fryer heard Phillips and Smith discuss the will. Phillips told Fryer in Smith's presence that Smith wanted him to sign Smith's will. Fryer said Smith told him he wanted Fryer to sign his will but whether he did or not the evidence is sufficient to show that those present knew what it was they were signing and that Smith wanted Fryer to sign the will as a witness. See In re Adam's Estate, 149 Okl. 90, 299 P. 226 and Speaks v. Speaks, 98 Okl. 57, 224 P. 533.

We have examined the record in this case and we are of the opinion that the judgment of the trial court is not clearly against the weight of the evidence. So finding and this being a case of equitable cognizance, we must affirm the District Court. Hendricks v. King, 202 Okl. 334, 213 P.2d 844.

Judgment affirmed.