In re JONES' ESTATE.

No. 30325.   Jan. 27, 1942.

*121 P. 2d 574.*

M. S. Robertson and Glenn R. Davis, United States Probate Attys., both of Muskogee, for plaintiffs in error.

C. C. Williams, of Poteau, for defendant in error.

PER CURIAM.   On February 8, 1939, Betsy Jones, nee Christy, a full-blood citizen of the Choctaw Nation, departed this life a resident of Le Flore county. On February 11, 1939, C. W. Mixon, hereinafter referred to as proponent,

offered for probate in the county court of said county an instrument which purported to be the last will and testament of said Betsy Jones, nee Christy, deceased. Certain heirs of decedent, hereinafter referred to as contestants, appeared and opposed the probate of said instrument. The county court denied probate for the assigned reason that the instrument had not been executed in the manner required by law, and for the further reason that the same was a will upon condition which condition had not been performed. The proponent of the instrument appealed the cause to the district court upon both issues of fact and law, where a trial de novo was had and judgment rendered in favor of proponent and the will ordered admitted to probate. The contestants have appealed the cause to this court. The contestants do not contend that the said Betsy Jones, nee Christy, did not in fact sign the purported will, nor do they contend that she was lacking in testamentary capacity, but as grounds for reversal of the judgment below they urge:

"I. The purported will was not executed, declared, published and attested according to law, is therefore void and not subject to probate.

"II. The testatrix at the time of the purported execution of the instrument was under that degree of undue influence, menace and fraud that · renders the instrument void as a will.

"III. The instrument was a conditional will and the conditions having never been fulfilled, the instrument is not the will of decedent and therefore not subject to probate."

Under the first proposition so advanced, contestants urge, in substance, that the instrument offered for probate was not executed in strict conformity with the requirements of section 1546, O. S. 1931, 84 Okla. St. Ann. § 55, and therefore was not entitled to probate under the authority of In re Stover's Will, 104 Okla. 251, 231 P. 212, and cases therein cited. The basis for the contention so made rests upon the fact that the parties who signed the instrument as attesting witnesses differed among themselves with regard to details which attended the fixation of their signatures to the instrument. The record shows that the will in question was executed in the office of the attorney for the proponent on April 14, 1938, and that the will was typed by Nina Anderson, one of the attesting witnesses, who testified that she read the instrument to the testatrix in the presence and hearing of the other attesting witnesses and had thereupon attached her signature to the instrument as a witness after the testatrix had signed same in her presence, and that John Keffer, one of the other attesting witnesses, had done likewise. This last witness corroborated the former witness in all essential respects. The third attesting witness, Clyde Followell, admitted that he had signed the instrument as a witness knowing that it purported to be the will of the testatrix, but that he could not remember whether the testatrix was present at the time or not, or whether the attesting witnesses were present, and that he had signed at the request of the attorney who had prepared the will. The contestants rely principally upon the fact that the testatrix did not directly state to the attesting witnesses that the instrument was her will and personally request them to sign the same as witnesses. We had a very similar situation in the case of In re Belmore's Estate, 189 Okla. 81, 113 P. 2d 817, and therein we said:

"We think this evidence sufficiently establishes a compliance with the requirements of the statute above set forth. Substantial compliance is all that is required. In re Free's Estate, 181 Okla. 564, 75 P. 2d 476. No formal request that the witnesses sign, or express declaration that the instrument is his will, is required. It is sufficient if the testator by words or conduct conveys to the witnesses the information that the instrument is his will, and that he desires them to witness it. In re Adam's Estate, 149 Okla. 90, 299 P. 226; Speaks v. Speaks, 98 Okla. 57, 224 P. 533. That such was done by the testator in the instant case is established by the record.

"Contestant relies upon In re Stover's Will (McKinney v. Smith), 104 Okla. 251, 231 P. 212, as disclosing a similar state of facts, and therefore controlling.

But in that case the evidence did not show any semblance of compliance with the statutory requirements. There the court, after noting the complete lack of evidence, stated that it would not be disposed to quibble about the method of publication adopted by testatrix, if the evidence tended to show the adoption of any method of publication whatever, however informal it might have been.

"While the witnesses did not agree as to the details, we think the court was justified in finding that the proponent established the due execution of the will by a preponderance of the evidence. This is all that is required. In re Free's Estate, supra. We cannot say that the finding is clearly against the weight of the evidence. In re DeVine's Estate, 188 Okla. 423, 109 P. 2d 1078."

We are of the opinion that what was said in the foregoing case disposes of the first contention of the contestants.

The contention relative to undue influence rests almost entirely upon the fact that the chief beneficiary in the instrument was a stranger to the blood of testatrix, and therefore constituted the will an unnatural one. The evidence adduced at the trial shows that the testatrix had no spouse or immediate relatives and that the chief beneficiary in her will had extended from time to time to the testatrix a little help and consideration under circumstances which were calculated to make the testatrix feel grateful therefor. This court has upon numerous occasions held that a will made in favor of a person under such circumstances cannot be held to have been made as a result of undue influence. See Canfield v. Canfield, 167 Okla. 590, 31 P. 2d 152, and the cases therein discussed.

The final contention made by the contestants relative to the conditional character of the instrument is based chiefly upon the fact that it had attached thereto a form of approval such as required by Act of Congress of April 26, 1906, as amended by Act of Congress of May 27, 1908. At the trial it was stipulated that the will, if otherwise valid, did not require approval. Under these circumstances the contention of the contestants that the approval of the county judge to the will was a condition precedent to its validity is wholly without merit.

We have examined the entire record, and are of the opinion that the evidence preponderates in favor of the judgment rendered by the district court of Le Flore county, and that the will here involved was executed, in substance, in compliance with the statutory requirements of this state and was free from undue influence. In view of the conclusion so reached, the judgment of the trial court must be, and the same is hereby, in all respects affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.