In re SAWYER'S ESTATE.

NIELSEN et al. v. SAWYER.

No. 33417. Sept. 20, 1949.

*209 P. 2d 864.*

R. H. Morgan and E. Blumhagen, both of Watonga, for plaintiffs in error.

Falkenstine & Fisher and Theodore Graalman, all of Watonga, for defendant in error.

DAVISON, C.J. This is an appeal from an order of the district court of Blaine county, Okla., affirming, on appeal and trial de novo, the order of the county court of said county, and admitting to probate the last will and testament of Riley P. Sawyer, deceased. The proponent was the widow of said decedent and the contestants were the daughters of the predeceased son of the testator by a former marriage.

The sole contention made here by the contestants is that the evidence is insufficient to establish the execution of the will in conformity with the provisions of 84 O.S. 1941 §55, pars. 3 and 4, as follows:

"3. The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will; and,

"4. There must be two attesting witnesses, each of whom must sign his name as a witness at the end of the will at the testator's request and in his presence."

In support of their position they cite and rely upon the cases of In re Adam's Estate, 149 Okla. 90, 299 P. 226; In re Belmore's Estate, 189 Okla. 86, 113 P. 2d 817; In re Davis' Estate, 171 Okla. 575, 43 P. 2d 115; In re Free's Estate, 181 Okla. 564, 75 P. 2d 476; Hill et al. v. Davis, 64 Okla. 253, 167 P. 465; In re Jones' Estate, 190 Okla. 123, 121 P. 2d 574; McCarty et al. v. Weatherly, Exec. et al., 85 Okla. 123, 204 P. 632; Speaks v. Speaks, 98 Okla. 57, 224 P. 533; In re Stover's Will, 104 Okla. 251, 231 P. 212. In each of these cases the evidence was held sufficient to sustain the admission of the will to probate except in the cases of Hill v. Davis, McCarty v. Weatherly, and In re Stover's Will. In the first two of these last mentioned cases the testators were full

blood Indians who neither spoke nor understood the English language, which was the determining factor as to the execution of the wills in compliance with the above-quoted statute. In the Stover case, there was no attempt made to comply in any way with the statutory requirements.

In the instant case, one of the three witnesses to the execution of the will testified that he was a lawyer; that Mr. Sawyer came to his office where the will was prepared and read to Mr. Sawyer; that the other two witnesses were called and each read the will and the testator after signing it requested them to sign as witnesses, which they did. This witness further testified as follows:

"I said to Mr. Sawyer, 'The execution of a will requires a statement by you that this instrument is your last will and testament—make that statement to the witnesses, and ask them to sign it as witnesses.' And that was done; He made that statement to the witnesses."

Another of the witnesses testified that Sawyer came to his place of business and asked him to go to the lawyer's office to witness the will; that he went with the testator to the office where he was handed the will which he read; that he then gave the will to the lawyer who handed it to the other witness; that the other witness signed it and handed it to him and he signed it and then the lawyer signed it; that the testator and the witnesses all signed in the presence of each other and that he signed at the request of Mr. Sawyer; that the lawyer said to testator, "Is this your last will and testament?" and Mr. Sawyer said that it was.

The third witness to the will testified that he didn't remember whether Mr. Sawyer signed the will in his presence or not; that he read the will and was requested by the lawyer in the presence of the testator to sign as a witness which he did and then left; that he didn't recall that Mr. Sawyer said anything.

This court, in the case of In re Adam's Estate, supra, adopted the language of the California Court as expressing the applicable rule in such cases. Therein, it was said:

"In re Silva's Estate, 169 Cal. 116, 145 P. 1015, 1016, it was said: 'It is not necessary that the testator should have spoken words declaring the document to be his will, or that he should expressly request the witnesses to sign it as such. It is sufficient if this declaration and request are unmistakably indicated to the persons signing as witnesses by the testator's conduct and actions, although there is no declaration in words to that effect. The testimony leaves no doubt that the testator signed the document as his will, that he gave all persons present to understand that it was his will, and that he desired the subscribing witnesses to attest the same for the purpose of constituting it a will. Nothing more on this point is required by the statute. There is, it is true, much confusion and conflict in the testimony of the several witnesses with regard to the occurrences at the time of the execution of the will. This is not surprising, and indeed it was to be expected, since the persons present were called upon to testify in regard to the facts six years after they occurred.' "

In the case of In re Belmore's Estate, supra, this court used the following language, which is quite appropriate in the case at bar:

"We think this evidence sufficiently establishes a compliance with the requirements of the statute above set forth. Substantial compliance is all that is required. In re Free's Estate, 181 Okla. 564, 75 P. 2d 476. No formal request that the witnesses sign, or express declaration that the instrument is his will, is required. It is sufficient if the testator by words or conduct conveys to the witnesses the information that the instrument is his will, and that he desires them to witness it. In re Adam's Estate, 149 Okla. 90, 299 P. 226; Speaks v. Speaks, 98 Okla. 57, 224 P. 533. That such was done by the testator in the instant case is established by the record.

"Contestant relies upon In re Stover's Will (McKinney v. Smith), 104 Okla. 251, 231 P. 212, as disclosing a similar state of facts, and therefore controlling. But in that case the evidence did not show any semblance of compliance with the statutory requirements. There the court, after noting the complete lack of evidence, stated that it would not be disposed to quibble about the method of publication adopted by testatrix, if the evidence tended to show the adoption of any method of publication whatever, however informal it might have been.

"While the witnesses did not agree as to the details, we think the court was justified in finding that the proponent established the due execution of the will by a preponderance of the evidence. This is all that is required. In re Free's Estate, supra. We cannot say that the finding is clearly against the weight of the evidence. In re DeVine's Estate, 188 Okla. 423, 109 P. 2d 1078."

This last quoted language was also quoted and reaffirmed in the case of In re Jones' Estate, supra, and clearly expresses the law in this jurisdiction.

As disclosed by the record, the evidence clearly establishes a substantial compliance with the statutory requirements.

The judgment is affirmed.