Estate of Nick MARINOFF, Deceased.

Pena ENKOVIA (Enkora), Elena (Alina) Stoeva, and Atanasa Filipova (Atanasco Filipoa), Sisters of Nick Marinoff, Deceased, et al., Plaintiffs in Error,

v.

John KRISS, and John Kriss, Executor of the Estate of Nick Marinoff, Deceased, Defendants in Error.

No. 36749.

Supreme Court of Oklahoma.

April 17, 1956.

Rehearing Denied May 15, 1956.

John L. Dunn, Robert N. Bachelder, Tulsa, for plaintiffs in error.

C. R. Nixon, Gerald F. O'Brien, Tulsa, for defendants in error.

DAVISON, Justice.

This case is a contest of the validity of the last will and testament of Nick Marinoff, deceased. The will was filed for probate in the County Court of Tulsa County, Oklahoma, by John Kriss, the executor and sole beneficiary therein named. Protest was filed by the sisters of the deceased, Pena Enkova, Alina Stoeva and Atansis Filipova, all citizens and residents of Bulgaria. The court ordered the will admitted to probate, which order was affirmed on appeal by the district court and from that judgment, the contestants have perfected this appeal. The parties will be referred to as proponent and contestants, as they appeared in the county and district courts.

The will was attacked on three grounds, viz.: that it was not executed as required by the statutes; that the testator did not have testamentary capacity; and that he was acting under undue influence in its execution. Decedent's will was executed on November 30, 1953, and, on January 20, 1954, he died at the approximate age of 78

years. A careful and close search of the record discloses no affirmative evidence of any irregularity or misconduct. The contestants seem to base their attack upon conditions existing which would create an opportunity and possibility of such irregularities occurring.

The deceased was a native Bulgarian who had been in this country some 40 or more years. He had accumulated an estate of approximately $60,000, consisting of a store building in Tulsa, Oklahoma, and cash assets. His only near relatives were three sisters and two nephews, the sons of a deceased sister, all of whom lived in Bulgaria. John Kriss, to whom he left his entire estate, was a friend of some thirty years standing and a former business associate. To some of the witnesses, he had stated that he had given his relatives the amount of money he wanted them to have and did not want them to take any part in his remaining estate.

For a number of months prior to his death, the deceased had been in ill health with a stomach ailment and had been treated by several doctors. He died in the hospital following an operation. On the 28th day of November, 1953, he and Kriss went by the office of an attorney, for the purpose of the decedent making a will. They had together been to the hospital for a blood transfusion for Mr. Marinoff. The attorney could not attend to the matter on that day, Saturday, and requested them to return on Monday, November 30, which they did. After a discussion between Marinoff and the attorney as to the terms of the will, it was dictated, written and read to deceased by the attorney. Another attorney next door was called in and the will was properly published, executed and attested. Importance seems to be put on the fact that the will refers to the brothers and sisters of the deceased when, in fact, he had no brother. Also it was stressed that the deceased could not read English and consequently could not read the will. Contestants also emphasize the fact that Kriss was with the deceased on the trips to the lawyer's office and on several trips to the hospital.

However, the record indicates that the deceased was a capable business man in

sound mental condition and capable of understanding all the terms of the will when it was read to him. The testimony was in conflict as to his hearing and eyesight being impaired. There was no testimony that Kriss exercised any influence whatever on the testator.

 All of the questions raised by the contestants have been determined adversely to them in the cases of In re Sawyer's Estate, 202 Okl. 21, 209 P.2d 864; In re Lamar's Estate, 206 Okl. 244, 242 P.2d 727; and Munson v. Snyder, Okl., 275 P.2d 249, all of which have been before us in the last few years. Numerous other cases are to the same effect, most of them cited in those above. In the Sawyer case, it was held that,

> "Strict compliance with the provisions of 84 Okl.St.Ann. sec. 55, need not be shown to establish the due execution of a will. Substantial compliance, if established by a preponderance of the evidence, is sufficient."

In the Lamar case, it was held that,

> "The sole question involved, when a will is offered to the County Court for probate, is the factum of the will; that is, has the will been executed and attested in the manner and form required by the statutes, and was the testator competent to make a will at the time he made it, and was he free from undue influence, fraud or duress."

> "In a proceeding to contest a will, the question of whether the testator was competent to make a will is a question of fact, and the finding of the trial court on that question will not be disturbed on appeal unless the same is clearly against the weight of the evidence."

In the Snyder case, it was held that disinheriting a close relative (in that case a daughter) does not show incapacity of the testator or undue influence if the provisions of the will resulted from the voluntary desire of the testator.

The following quotation from the case of In re Jones' Estate, 190 Okl. 123, 121 P. 2d 574 which was included in the Sawyer case above, is applicable to the situation here presented. It is as follows:

> " 'While the witnesses did not agree as to the details, we think the court was justified in finding that the proponent established the due execution of the will by a preponderance of the evidence. This is all that is required. In re Free's Estate, supra [181 Okl. 564, 75 P.2d 476]. We cannot say that the finding is clearly against the weight of the evidence. In re DeVine's Estate, 188 Okl. 423, 109 P.2d 1078.' "

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, BLACKBIRD, JACKSON and HUNT, JJ., concur.