**Sally SUTTON nee Edwards, Special Administratrix of the Estate of Lucy B. Morgan, Deceased, Plaintiff in Error,**

v.

**Dallas FAULKNER and Floyd Morgan, Defendants in Error.**

**No. 41525.**

Supreme Court of Oklahoma.

Oct. 8, 1968.

Rehearing Denied Nov. 19, 1968.

612

R. O. Ingle, Sallisaw, for plaintiff in error.

W. S. Agent, Green & Green, Sallisaw, for defendants in error.

PER CURIAM:

This is an appeal from a judgment of the trial court admitting the will of Lucy B. Morgan to probate and remanding the cause to the county court for administration.

Lucy B. Morgan, hereinafter referred to as testatrix, died in April, 1963. She had a medical history of having had arteriosclerosis and coronary thrombosis for a period of some 10 or 12 years. At the time of death, testatrix was 83 years of age.

The will that is the subject of the controversy herein was purportedly executed by testatrix on July 16, 1962. Subsequent to the death of testatrix, Dallas Morgan Faulkner, one of the defendants herein, one of the two principal beneficiaries under the provisions of the will, and a niece of testatrix's deceased husband, filed her petition for probate of this will in the County Court of Sequoyah County, Oklahoma. Thereafter, Sally Sutton, nee Edwards, plaintiff in error herein and contestant in the county court proceedings, filed both on behalf of herself as sister of testatrix and of other specified relatives of testatrix an objection to the probate of the will on the grounds, inter alia, that at the time of the making of the will testatrix was incompetent and was under the influence of Dallas Morgan Faulkner and Floyd Morgan, the two principal beneficiaries under the provisions of the will. At the same time she filed this objection, Sally Sutton, nee Edwards, hereinafter referred to as contestant, also filed an application to be appointed special administratrix of the Estate of Lucy B. Morgan, deceased. The county court subsequently appointed contestant special administratrix

and denied the will admission to probate on the ground it was invalid.

Dallas Morgan Faulkner appealed to the district court the county court's order denying the will to probate. After hearing the evidence, the district court ordered the will admitted to probate and remanded the cause to the county court for administration. Contestant gave notice of appeal from this judgment, but due to the illness of the court reporter preparing the case-made, the district court granted contestant's motion for new trial. At the conclusion of this second trial before an assigned district judge, the district court again ordered the will admitted to probate and remanded the cause to the county court for administration. It is from this latter judgment and an order overruling her motion for new trial that contestant appealed.

Under the provisions of the will in controversy here testatrix devised to her brothers and sisters, naming them, and any other relatives she might have, the sum of one dollar each, named Mrs. Dallas Morgan Faulkner and Floyd Morgan, hereinafter referred to as proponents, as the principal beneficiaries of her estate, and named Mrs. Faulkner as executrix.

An action contesting a will is one of equitable cognizance and it is the duty of this Court on appeal to examine the record and weigh the evidence submitted below. However, the findings and judgment of the trial court will not be reversed unless clearly against the weight thereof. Walker v. Risk, Okl., 380 P.2d 80.

At trial, proponents introduced evidence tending to prove due and regular execution of will by testatrix in presence of witnesses who signed as such at her request. Thereafter, contestant introduced the testimony of some twenty lay witnesses, relatives and friends and former nurses of, and housekeepers for testatrix of effect that at times she was irrational and incompetent to handle business, did not recognize friends and relatives, and had certain hallucinations, but was not incom-

petent all the time; that Mrs. Faulkner, niece of testatrix by marriage, was hired by Floyd Morgan to and did stay with testatrix about one day and night per week to relieve regular full-time employees between trips to the hospital; that Mrs. Faulkner, at testatrix's request, had a lawyer named by testatrix to draw the will in accord with testatrix's specific instructions; that Floyd Morgan had been administrator of testatrix's husband's estate and looked after testatrix's business for some eighteen months or two years before her death, but that he had nothing to do with preparation of the will and did not know of its existence until the second night after testatrix was buried. The medical evidence tended to show testatrix had some mental confusion at times, including an occasion two days before executing the will, but that at the time she knew what property she had and was competent.

In her first proposition for reversal, contestant contends that the evidence submitted below proved that testatrix was incompetent and incapable of making the will involved herein.

■ As shown above, testatrix, at least on some occasions, was incompetent during the period of time in which the will was executed. Such evidence, although not relating to the exact time of the execution of the will, may be considered in determining the mental capacity of testatrix at the time she executed her will. In re Estate of Lacy, Okl., 431 P.2d 366. However, proponents also adduced testimony that testatrix was competent during this period of time. In addition, one physician who treated testatrix at this time testified, as noted above, that although she may have been somewhat confused at times it was his opinion that testatrix knew her property and was competent. From our review of the record herein, it is our opinion that the judgment of the trial court that testatrix was competent at the time she executed the will herein is not clearly against the weight of the evidence.

In her second proposition for reversal, contestant contends that the trial court erred in its finding that testatrix was under no undue influence at the time she executed her will and in its finding that no confidential or fiduciary relationship existed between testatrix and proponents.

■ Concerning undue influence, this Court in In re Jones Estate, 190 Okl. 123, 121 P.2d 574, second syllabus, stated:

"Undue influence, such as will invalidate a will, must be something which destroys the free agency of the testator at the time the instrument is made and which, in effect, substitutes the will of another for that of the testator. It is not sufficient that the testator was influenced in the ordinary affairs of life or that he was surrounded by relatives and friends in confidential relationship with him at the time of its execution. Suspicion, conjecture, possibility, or guess that undue influence or fraud has induced a will, is not alone sufficient to defeat the probate of a will. Power, motive, and opportunity to exercise undue influence do not alone authorize the inference that such influence has in fact been exercised."

However, contestant, citing Anderson v. Davis, 208 Okl. 477, 256 P.2d 1099, contends that a more stringent rule is applicable herein. In *Anderson*, we held that although the existence of a confidential relationship between a testator and a beneficiary was not in itself sufficient to vitiate a will, if the will was inconsistent with claims of duty and affection, only slight evidence that beneficiary abused testator's confidence was sufficient to invalidate the will. Therein we further held that where a will was prepared by the sole or principal beneficiary in a confidential relationship with testator, the will would be held invalid unless it was affirmatively shown that (a) the testator read or knew its contents, and (b) had independent advice with reference thereto.

Contestant argues that the evidence submitted clearly establishes that a confiden-

tial relationship existed between testatrix and proponents and that testatrix received no independent advice in the making of her will. Contestant then contends that under the above stated principles from Anderson v. Davis, supra, the will involved herein is invalid.

In Sellers v. Sellers, Okl., 428 P.2d 230, we defined a "confidential relationship" as one which arises by reason of kinship between the parties, or professional, business or social relations that could reasonably lead an ordinarily prudent person in the management of his business affairs to repose that degree of confidence in another which largely results in the substitution of the will of this other party for that of the person reposing the trust.

In our opinion, the evidence herein does not establish that proponent Dallas Morgan Faulkner was in a confidential relationship to testatrix. We do believe that such a relationship did exist between proponent Floyd Morgan and testatrix. However, apparently he did not participate in or know of the preparation and execution of the will as shown herein.

As already noted above, the evidence establishes that it was proponent Dallas Morgan Faulkner, allegedly pursuant to the request and instructions of testatrix, who had the will prepared and aided in its execution. Proponent Floyd Morgan stated that he knew nothing of the existence of such will until subsequent to the death of testatrix. Likewise Dallas Morgan Faulkner testified that Floyd Morgan did not know of the existence of such will until after testatrix's funeral when she told him about it. The evidence also tends to establish that Dallas Morgan Faulkner was employed on occasions to aid testatrix and was paid for the services by Floyd Morgan. It is also established that the proponents were distantly related to each other. However, the record is totally void of any evidence concerning collusion between proponents or that they acted in concert to obtain the preparation and execution of the will herein. In absence of such evidence or some slight evidence of undue influence, this Court will not extend the above stated rules from Anderson v. Davis, supra, to the situation where one, not in a confidential relationship with testatrix, aids in the preparation and execution of a will in which she is named as a principal beneficiary and in which another person, who is in a confidential relationship with testatrix but did not aid in the preparation or execution of the will, or even know of its existence, is also named as a principal beneficiary.

For these reasons, we do not agree with contestant's second proposition for reversal but determine that the finding of the trial court with reference to the matters with which it is concerned is not clearly against the weight of the evidence.

The judgment of the district court is affirmed.

The Court acknowledges the aid of Supernumerary Judge, HARRY L. S. HALLEY, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

All Justices concur.