**Madge HOBBS, Plaintiff In Error,**

v.

**Thelma MAHONEY, Defendant In Error.**

**No. 42382.**

Supreme Court of Oklahoma.

Nov. 10, 1970.

Rehearing Denied Jan. 20, 1971.

T. Murray Robinson and Thornton Wright, Jr., Robinson, Barnes & Boggess, Oklahoma City, for plaintiff in error.

Miskovsky, Sullivan, Embry, Turner, Gregg & McCaleb, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

This is an appeal by proponent of the alleged will of Mrs. Billie Edith McArthur, deceased, from a judgment of the district court sustaining contestant's demurrer to her evidence seeking to establish factum of the will and affirming the judgment of the county court denying the admission to probate of the will.

The will in question herein was allegedly executed by the testatrix in August, 1957. At that time, she was 62 years of age. The will is relatively short in length, provides for the disposition of the property of testatrix, and at its conclusion carries the purported signature of Billie Edith McArthur and the following attestation clause executed by three witnesses:

"Subscribed by Billie Edith McArthur in the presence of each of us, the undersigned, and at the same time declared by her to us to be her last will and testament, and we, thereupon, at the request of said Billie Edith McArthur, in her presence and in the presence of each other, sign our names hereto as witnesses this 3rd day of August, 1957, at Oklahoma City, Oklahoma."

Subsequent to Mrs. McArthur's death in 1966, proponent, named as executrix in the will, instituted proceeding to have the purported will admitted to probate. Contestant, a sister of the testatrix, filed her petition in such proceeding asking that the will

be denied admission to probate. Its admission was denied by the county court.

At the trial de novo on appeal to the district court, the attorney who had prepared the will testified that he had done so in accordance with the instructions of testatrix and that he had delivered the will to her residence in Oklahoma City. He further stated that he subsequently inquired of Mrs. McArthur if she required his further services and was informed the will was to her wishes and already had been executed.

Of the three witnesses to the alleged will, one was deceased at the time of the proceedings in the trial court. Of the two remaining, one testified in person and the other by deposition.

A Mr. Hughes, who testified in person, was a neighbor of testatrix for a number of years. He verified both his signature and that of testatrix on the will. Although he remembered signing the will as a witness, he did not remember whether he had done so in the presence of the testatrix or the other witnesses or whether he had observed the testatrix execute the will.

Miss Lucy Neal, also a neighbor of testatrix, testified by deposition that it was her signature appearing as a witness on the will, but that she had no remembrance of any events concerning the execution of the will. However, she did state that she had such confidence in Mrs. McArthur that she would have signed the purported will as a witness whether testatrix was present or not.

Proponent also introduced the testimony of other witnesses verifying the authenticity of testatrix's signature on the will.

At the close of proponent's evidence contestant demurred to the evidence. As noted above, from a judgment sustaining this demurrer and affirming the judgment of the county court and from an order overruling her motion for new trial, proponent appeals.

On appeal, proponent contends that the evidence presented at trial established the due execution of the will involved herein.

 This Court previously has adopted the so-called substantial compliance doctrine, i.e. that a literal compliance with the requisites of 84 O.S.1961, § 55 (now 84 O.S. 1969 Supp. § 55) pertaining to the execution of a will is not required.

In Goff v. Knight, 201 Okl. 411, 206 P. 2d 992, 995, we quoted with approval the following language from 68 C.J., Wills, § 749:

"* * * Where, however, in proceedings for the probate of an instrument as a will, it appears to have been duly executed as such, and the attestation is established by proof of the handwriting of the witnesses or otherwise, although their testimony is not available, *or they do not remember the transaction, it will be presumed, in the absence of evidence to the contrary, that the will was executed in compliance with all the requirements of law, including those relating to publication, attestation in the presence of the testator, and the affixing of the testator's signature prior to those of the witnesses, and the performance by the witnesses of their duty to see that the instrument was signed and to satisfy themselves of the testator's competency, and hence the burden of adducing evidence to the contrary rests on one contesting or resisting the probate. This is especially true where the will contains a formal attestation clause, for such clause is presumptive evidence of the facts which it states." (Emphasis added).

Also see In re Estate of Hering, Okl., 426 P.2d 685.

 In the instant action, the surviving witnesses to the will, although stating it was conceivable they signed the will out of the presence of testatrix or the other witnesses, testified they had no remembrance of the events surrounding the execution of the will. There is no affirmative evidence that the will was not properly executed. In such circumstances, and where the record as it now stands verifies the authenticity of the signatures of testatrix and the surviving witnesses, it is our opinion

the formal attestation clause is presumptive evidence of the facts which it states. Any other conclusion would defeat the purpose of the attestation clause.

Contestant contends that our decision in In re Stover's Will, 104 Okl. 251, 231 P. 212, controls the case at bar. In syllabus 3 of such decision this Court held that probate of a will should be denied where " * * * the evidence fails to show that the testatrix declared or published the instrument as her will in the presence of the subscribing witnesses, and which fails to show that the will was signed, or acknowledged by the testatrix to have been signed by her or by her authority in the presence of the subscribing witnesses." However, in the cited authority, there was evidence submitted which clearly established that testatrix neither declared the instrument to be her will nor executed the purported will in the presence of the witnesses. No such evidence was submitted in the instant action.

In our opinion, the trial court erred in sustaining contestant's demurrer to the evidence and affirming the judgment of the county court.

The judgment of the district court is reversed and the cause remanded for further proceedings.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.