In the Matter of the ESTATE OF Bess
E. Urban LAHR, Deceased.

Katherine URBAN, Appellant,

v.

Roy URBAN, Leon Urban, Jacquline Ben-
ish, June Hall, Edith Luigart, Mary
Flolid, Judith Maupin, Lawrence Nie-
man and Clarence Nieman, Appellees.

No. 64038.

Supreme Court of Oklahoma.

Oct. 13, 1987.

Wright, Jackson & Jackson by Ray Don Jackson, Woodward, for appellant.

Larry L. Bays, Alva, and Peter M. Keltch, Cherokee, for appellees.

LAVENDER, Justice:

Bess E. Urban Lahr was placed under a conservatorship by the District Court of Woods County, Oklahoma, on September 16, 1981.[1] On September 18, Ms. Lahr executed her last will and testament directing that, on her death, her property be sold and the proceeds divided between sixteen of her neices and nephews. On October 1, 1982, 84 O.S. Supp. 1982 § 41 became effective. Subsection B of that section provides:

The appointment of a guardian or a conservator does not prohibit a person from disposing of his estate, real and personal, by will; provided, that when any person subject to a guardianship or conservatorship shall dispose of such estate by will, such will must be subscribed and acknowledged in the presence of a judge of the district court. Subscribing and acknowledging such will before a judge shall not render such will valid if it would otherwise be invalid.

Ms. Lahr subsequently executed a codicil to her last will and testament on December 2, 1982. That codicil devised her house and the contents thereof to appellant Katherine Urban. The codicil was not subscribed and acknowledged in the presence of a judge of the district court. Ms. Lahr died on September 5, 1984.

The named executor of Ms. Lahr's will petitioned the court for probate of the will and the codicil. Appellees in this case contested the admission of the codicil on the ground that it had not been executed in conformance with statutory requirements. At hearing on the contest, appellant Katherine Urban appeared as a proponent of the codicil. Appellant attacked the requirements of 84 O.S. Supp. 1982 § 41(B) on constitutional grounds. The trial court found no constitutional infirmity in the statute nor in its application to the present case. Due to the failure to conform with the requirements of section 41(B) the trial court denied admission of the codicil to probate. Appellant challenges this ruling by appeal.[2]

I.

The first challenge posed by appellant in this matter consists of an argument that 84 O.S. Supp. 1982 § 41(B) denied equal protection of law to the testatrix in this case in that it prohibited her from unrestricted disposition of her property by testamentary devise. Appellant further argues that the legislation serves no logical purpose.

Appellant does not allege that a suspect classification is involved in the legislation, therefore the test to be used in reviewing the challenge is that stated in *Thayer v. Phillips Petroleum Co.*,[3] as:

The ... basic and conventional standard for reviewing discrimination or differentiation of treatment between classes of individuals ... manifests restraint by the judiciary in relation to the discretionary act of the legislature, and invests legislation involving differentiated treatment with a presumption of constitutionality. This standard requires merely that distinctions drawn by a challenged statute bear some rational relationship to a conceivable legitimate state purpose. Under this rationale, if a classification does not permit one to exercise the privilege while refusing it to another of like qualifications, under similar conditions and circumstances, it is unobjectionable. The classification must be neither arbitrary nor capricious, and it must bear a rational relationship to the objective sought to be accomplished. A classification is constitutional if there is a reasonable classification and reasonable opportunity for uniform or equal incidence on the class created. ... The burden of demonstrating the invalidity of classifications under the traditional standards rests squarely

1. Pursuant to 58 O.S. 1981 §§ 890.1 through 890.11.

2. 58 O.S. 1981 § 721(2).

3. 613 P.2d 1041, 1044 (Okla.1980).

on the party who assails it. (footnotes omitted)

Appellant argues that section 41(B) creates a subclassification among members of the class of those with testamentary capacity. The classification created consists of those with testamentary capacity who are under a conservatorship. Appellant argues that the legislation unfairly restricts the members of this classification from freely disposing of their property by will.

Appellant does not argue that the legislation does not operate uniformly on all members of the classification created. Therefore our review is limited solely to the questions of whether the classification is reasonable and whether it bears a rational relationship to the objective sought to be accomplished.

Regarding the legislation creating the status of conservatorship this Court stated in the recent case of *In re Conservatorship of Spindle*,[4] that the legislation was intended to provide a way to facilitate the handling of the property of the ward when the ward is precluded from doing so by physical disabilities. We noted that the prohibitions regarding the ward's authority to deal with the ward's property were designed to protect the ward from those who would take advantage of the ward's decreased physical condition. We said, however, that we would not infer an intent to restrict the ward's exercise of rights over her property beyond those specifically provided.

Here we are presented with a specific provision restricting the exercise of the ward's right to devise property. The provision requires a testamentary instrument to be executed in the presence of a district judge. Just as the provision restricting the right of the ward to enter into contracts was clearly intended to protect the ward from situations where undue pressures could influence the ward because of the ward's decreased physical capacity,[5] so too does the provision restricting testamentary devise exhibit an intent to protect the ward from another situation where the ward might be subject to undue influence because of her physical condition. The legislation exhibits no intent to restrict the expression of the ward's wishes as to how her property may be distributed. The only requirement clearly appears concerned with preventing an atmosphere of undue influence at the time the testamentary instrument is executed.

■ We find that the classification of those under conservatorship is a rational classification which bears a rational relationship to a legitimate state purpose—that of protecting those whose physical condition makes them vulnerable to the pressures and influences of others. It is this protection which is invoked by those seeking establishment of a conservatorship.

The remaining question here is whether the challenged legislation bears a rational relationship to the objective sought to be accomplished. Appellant argues that it does not because section 41(B) merely requires the presence of the district judge and does not require that the judge make any findings relative to the absence of undue influence on the testator. Appellant's argument is based on the premise that the requirement of the presence of the district judge is a vain act. This premise is contrary to fundamental precepts of statutory construction.[6] In reviewing the legislation here it must be presumed that section 41(B) was intended to have a useful purpose.[7] The evils intended to be avoided must be kept in mind in arriving at a construction of the statute.[8] Here the purpose of section 41(B) is clearly apparent. It is intended to insure that a testamentary disposition by a ward under a conservatorship is executed free of undue influence. Where the legislative objective appears clear words may be

4. 733 P.2d 388, 390 (Okla.1986).

5. 58 O.S. 1981 § 890.10.

6. *Farris v. Cannon,* 649 P.2d 529 (Okla.1982); *Minnesota Mining & Mfg. Co. v. Smith,* 581 P.2d 31 (Okla.1978).

7. *Cowart v. Piper Aircraft Corp.,* 665 P.2d 315 (Okla.1983).

8. *AMF Tubescope Co. v. Hatchel,* 547 P.2d 374 (Okla.1976).

supplied to the statute to give it the effect intended.[9] Here a requirement that the district judge approve the execution of the testamentary instrument would effect the statute's obvious intent. We may therefore supply this requirement to section 41(B).[10]

With this requirement in place the operation of 84 O.S. Supp. 1982 § 41(B), bears a rational relationship to the objective sought to be accomplished—the protection of those whose incapacities have increased their susceptibility to the exertion of improper influences. We therefore find that appellant's arguments that section 41(B) is violative of the principles of equal protection is without merit.

## II.

 Appellant next presents the argument that 84 O.S. Supp. 1982 § 41(B) is unconstitutional as a violation of the separation of powers provisions of the Oklahoma Constitution.[11] Appellant argues that the requirement that the district judge be present at the execution of the ward's testamentary instrument puts an intolerable burden on the judiciary, and unduly restricts the right of the ward to make a will by making its effectiveness contingent on the availability of a district judge. Appellant also argues that it may require the witnessing judge to testify in court.

Although these arguments may raise questions of the wisdom of the legislation they do not provide valid grounds on which to question the constitutionality of the statute.[12] The question of the restriction of

the right of the ward to make a will has been considered in the first part of this opinion and has been found free of constitutional infirmity. The assertions concerning the burden on the judiciary are without merit.[13]

## III.

The penultimate proposition presented by appellant argues that 84 O.S. Supp. 1982 § 41(B) should be declared unconstitutional because, in its passage, the Legislature ignored the purpose of legislation allowing disposition of property by will. This proposition is supported by neither relevant authority nor convincing argument and will not be considered on appeal.[14]

## IV.

 Appellant's final proposition is presented as a two-pronged argument. First, appellant states that the term "must" as used in 84 O.S. Supp. 1982 § 41(B) does not require strict compliance. Second, appellant argues that the execution of the codicil challenged in this case was in substantial compliance with section 41(B). Appellant bases this proposition on the contention that this Court has upheld the validity of testamentary instruments executed under 84 O.S. 1981 § 55, where, although the statutory language requires that execution and attestation "must" be as stated in the statute, substantial compliance with the statute has been found. However, the citations offered by appellant in support of this proposition,[15] deal with the question of whether evidence to support the validity of

**9.** *Wilks v. Wilks,* 632 P.2d 759 (Okla.1981).

**10.** We find this situation to have obvious parallels to other situations regarding judicial approval of sales or other dispositions of property belonging to the estate of a ward which has been placed under the protection of the court through petition for such protective status. See 58 O.S. 1981 § 804; 58 O.S. 1981 § 825; 58 O.S. 1981 § 890.5.

**11.** OKLAHOMA CONST., Art. IV, § 1.

**12.** In *State ex rel. York v. Turpen,* 681 P.2d 763 (Okla.1984), this Court noted that the import of the separation of powers doctrine was to prevent the imposition of the will of one branch

upon the decision making areas rightly reposed in another. Here there is no imposition of the legislative will upon the district judge's decision making authority.

**13.** See *Red River Const. Co. v. City of Norman,* 624 P.2d 1064 (Okla.1981); *Application of Oklahoma Capitol Improvement Authority,* 355 P.2d 1028 (Okla.1960).

**14.** *Paris Bank of Texas v. Custer,* 681 P.2d 71 (Okla.1984).

**15.** *Hobbs v. Mahoney,* 478 P.2d 956 (Okla.1970); *King v. Gibson,* 207 Okl. 251, 249 P.2d 84 (1952); *In re Jones' Estate,* 190 Okla. 123, 121 P.2d 574 (1942).

the instrument must establish literal compliance with section 55 or whether evidence evincing substantial compliance will suffice. This Court has taken the position that evidence showing substantial compliance with section 55 would suffice to support the validity of a testamentary instrument. This result is reached from the Court's presumption that evidence of substantial compliance with the provisions of section 55 creates a rebuttable implication of "literal" compliance with section 55's requirements. Thus the Court has not determined that the Legislature's mandatory requirement of formalities in execution of a will are not in fact mandatory. The rule of the cases cited is that the evidence to establish compliance may do so without itself establishing literal compliance with the mandatory requirements.

■ The authority presented by appellant does not support the contention that a mandatory requirement imposed by statute may be ignored. Substantial compliance with a statute is not shown unless it appears that the purpose of the statute has been served.[16] As previously discussed in this opinion the clearly perceived purpose of the challenged legislation cannot be divorced from the requirement that execution of the testamentary instrument be conducted in the presence of the district judge. Thus there can be no question of substantial compliance in this situation. The requirement that the instrument "must" be subscribed and acknowledged in the presence of the district judge must be given effect.[17]

■ Appellant has included a parenthetical argument in this proposition to the effect that the codicil in question should be validated because it refers to the will executed prior to the effective date of 84 O.S. Supp. 1982 § 41(B). We find no merit in this argument, and, in fact, it would clearly defeat the purpose of the legislation to allow an instrument modifying an existing will to escape scrutiny merely because the prior will was executed prior to the effective date of the act.

### V.

The codicil offered for probate failed to meet the requirements for validity imposed by 84 O.S. Supp. 1982 § 41(B). The trial court's order denying admission of this instrument to probate is *AFFIRMED.*

HARGRAVE, V.C.J., and HODGES, SIMMS, OPALA, KAUGER and SUMMERS, JJ., concur.

DOOLIN, C.J., and ALMA WILSON, J., dissent.

**L.M.O.C., Petitioner,**

v.

---

**16.** *Kasner v. Stanmire,* 195 Okla. 80, 155 P.2d 230 (1944).

**17.** See *Oklahoma Alcoholic Beverage Control Bd. v. Moss,* 509 P.2d 666 (Okla.1973).